# THE AMERICAN MERCHANTS' UNION EXPRESS CO.

*v.*

## LEMUEL MILK.

1. COMMON CARRIER—*how relieved from responsibility.* It is the duty of an express company, upon receiving a package of money to be forwarded, to safely carry and deliver it to the consignee, and the only way it can relieve itself from responsibility as a common carrier is, by showing performance, or its prevention by the act of God or a public enemy. It is not discharged by delivering the same to another, on a forged order of the owner.

2. AGENCY—*authority to receive express package.* It is a question of fact, whether one who, while in the employ of another as book-keeper, occasionally received packages of goods sent by express to his principal, and was in the habit of receiving his mail, had authority to receive and receipt for a money package of his principal, after his employment ceased.

3. SAME—*must have authority.* An agent, in order to bind a principal, must have authority to act, and the delivery of a money package by an express company, to one, on the hypothesis of his being the owner's agent, will not relieve the company from liability, unless the supposed agent had the authority to act.

4. INSTRUCTION—*not based on evidence.* An instruction not based on evidence may be proper, when given to meet a theory advanced to the jury by the opposite party.

APPEAL from the Circuit Court of Kankakee county; the Hon. N. J. PILLSBURY, Judge, presiding.

Messrs. W. H. & H. L. RICHARDSON, and Messrs. SMALL, BURKE & MOORE, for the appellant.

Mr. T. P. BONFIELD, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by Lemuel Milk against the American Merchants' Union Express Company, to recover for the loss of a package of money which had been forwarded by the company to appellee.

A trial was had before a jury, which resulted in a verdict for appellee for $497.50. The court overruled a motion for a new trial, and rendered judgment upon the verdict.

It is urged by appellant, that the verdict is contrary to the weight of the evidence, and that the court erred in giving and refusing instructions.

It appears from the evidence, as shown by the record, that in September, 1871, a Mr. Bonfield left with the agent of appellant, at Turner Junction, Du Page county, a package containing $443.70 and certain drafts, to be forwarded to appellee at Kankakee city. The package arrived at Kankakee city, and on Saturday, September 16, a Mr. Edmunds, who had formerly acted as clerk for appellee, went to the office of the express company and called for the package. He was notified by the agent that he could not have it, unless he obtained an order from appellee. He then left, and on Monday, the 18th, returned to the office and presented an order, which purported to have been signed by appellee, and the agent of the company delivered the package to Edmunds. Edmunds obtained the package and left the country. This order turned out to be a forgery.

This was the substance of the evidence introduced before the jury, upon which they returned a verdict for appellee.

The law is well settled, that it was the duty of appellant, upon receiving the package, to safely carry and deliver it to appellee, and the only way it could relieve itself of this responsibility as a common carrier, was by showing performance of its engagement, or that it had been prevented by the act of God or a public enemy. *Baldwin* v. *The American Express Co.* 23 Ill. 197; *Gulliver* v. *Adams Express Co.* 38 Ill. 503. It is, however, urged that there was evidence introduced before the.jury, that while Edmunds was in the employ of appellee he had at one time received and receipted for a money package belonging to appellee, and at other times had received packages of goods sent by express, and that he had been in the habit of receiving appellee's mail from the post office, and that under this evidence the jury should have found that Edmunds was authorized to receive the package in question, or, at any rate, the facts were sufficient to justify the appellant in the belief that Edmunds was the authorized agent of appellee.

15—73D ILL.

Had the decision of the case rested solely and alone upon this evidence, then the position assumed might be regarded with some force; but it was shown that Edmunds, at the time he receipted for the package, was not in the employ of appellee. It also appeared, from the testimony of appellee, that Edmunds was never his agent; he was in his employ as book-keeper for some length of time, but, even then, was not authorized to receive and receipt for express matter. It was, then, from all the evidence, a question of fact for the jury to determine, whether Edmunds was authorized to receive the package and receipt for the same; and the jury have found that he was not, and we see no reason, from the evidence, to interfere with the finding.

It is urged the court erred in giving appellee's first instruction, as follows:

" If you believe, from the evidence, that the defendant was a common carrier, and as such received the money in question, to be carried and delivered to the plaintiff, at Kankakee, and that the defendant delivered said money to one Edmunds, on a writing purporting to be an order of the plaintiff, and that said order was a forgery, then the defendant was guilty of gross negligence, and the plaintiff is entitled to recover the amount of said money."

It is said this instruction must have misled the jury, as it assumes the package was delivered on a written order which was a forgery, and there was no evidence in the record that the package was delivered on an order.

There was ample evidence in the record upon which to base this instruction. From the testimony of the agent of the company, alone, there can scarcely be a doubt but the package was delivered on the forged order.

When Edmunds called for the package, the agent refused to deliver it unless he had an order from appellee. This occurred on Saturday; on the Monday following, Edmunds returned with the written order to the agent, and upon its presentation the package was delivered to him. These were the facts upon

which the instruction was based, and they seem to be conclusive of the question raised.

It is said the third instruction is not applicable to the case, as the jury was told the plaintiff may recover if the package was lost or stolen from the appellant, and the record contains no evidence of the fact that it was lost or stolen.

This instruction was, no doubt, given to meet the theory advanced by appellant, that the package was not sent from the office at Turner Junction, and in this view was proper.

Objection is also made to the last clause in the instruction, " unless the same was delivered to the authorized agent of the plaintiff." It is claimed that the word " authorized" should have been omitted. An agent, in order to bind a principal, must have authority to act; and, even if it were true that the package was delivered to Edmunds on the hypothesis that he was an agent, such delivery would be no justification to the company, unless the supposed agent had authority to act.

The objection is made to the sixth instruction, that there is no evidence upon which to base it.

The instruction is drawn on the hypothesis that Edmunds was discharged from the service of appellee at a certain time. While it is true there is no evidence that he was discharged, yet it is in proof, that some time prior to obtaining the package, he had left the service of appellee and had been at work at another place; and as the point in the case was, whether he was, at the time, the authorized agent of appellee, we do not think the instruction calculated to mislead the jury, although, as drawn, not strictly correct.

The objection made to the seventh instruction is the same as to the first, and it is not necessary to discuss it again.

As to the instructions of appellant, those given by the court were quite as favorable as it could ask or expect, and we perceive no error in the court refusing to give the three refused instructions.

The judgment of the court will, therefore, be affirmed.

*Judgment affirmed.*