WILLIAM J. DYER *et al. vs.* GREAT NORTHERN RY. CO.

Argued Oct. 26, 1892. Decided Nov. 21, 1892.

Delivery to Common Carrier—Presumption as to Title.

> The legal presumption is that, upon the delivery of goods to a common carrier, the title thereto vests in the consignee, and, in the absence of notice to the contrary, the carrier has the right to rely on this presumption, if the property be lost, stolen, or destroyed.

Statute Construed.

> This rule is not affected by 1878 G. S. ch. 39, §§ 15, etc., which relate to the filing of notes or other contracts evidencing conditional sales.

Appeal by defendant, the Great Northern Railway Company, from an order of the Municipal Court of the city of St. Paul, *Twohy,* J., made February 23, 1892, denying its application for a new trial of the action.

The plaintiffs W. J. Dyer & Brothers, at Minneapolis, on April 28, 1891, sold to Michael Colwell of Anoka, Minnesota, a piano of the value of $275. To secure the payment of $175, part of the purchase price, Colwell gave plaintiffs his note, with the agreement attached that the title and ownership of the piano should not pass to him until the note should be paid. This note and agreement were on the next day filed in the office of the city clerk of the city of Anoka. Plaintiffs delivered the piano on April 29, 1891, to the defendant, a common carrier, to be transported by rail from Minneap-

olis to Anoka, took its bill of lading, and sent it by mail to Colwell,. who was named in the bill as the consignee. On May 1, 1891, the piano was destroyed by fire in defendant's depot at Anoka before the consignee had an opportunity to remove it.

On May 12; 1891, defendant paid to Colwell $275, the value of the piano, believing him to be the owner, and he delivered to it the bill of lading, and receipted in full. This action by W. J. Dyer & Brothers is to recover of the railway company the value of the piano on the ground that by the agreement with Colwell the title remained with plaintiffs, and that the railway company had implied notice of the fact by the filing in Anoka city clerk's office. The Municipal Court gave plaintiffs judgment for $175 with interest and costs. Defendant moved for a new trial, and, being denied, appealed.

*M. D. Grover* and *R. A. Wilkinson,* for appellant.

The provisions of the law relating to the validity and filing of this contract, so far as they affect the case at bar, are the same as those relating to the validity and filing of chattel mortgages, and should receive the same construction. The statute is intended to protect only creditors, subsequent purchasers and mortgagees in good faith, and does not protect wrongdoers. *Kohl* v. *Lynn,* 34 Mich. 360; *Pratt* v. *Harlow,* 16 Gray, 379.

The legal effect of the consignment was a representation upon the part of the plaintiffs that the piano was the property of Colwell, the consignee, and a direction on their part to the defendant to transport it to its destination and deliver it to such consignee. *Wigton* v. *Bowley,* 130 Mass. 252; *Merchants' National Bank* v. *Bangs,* 102 Mass. 291; *Pennsylvania Company* v. *Holderman,* 69 Ind. 18; *Dows* v. *Greene,* 24 N. Y. 638; *Scammon* v. *Wells, Fargo & Co.,* 84 Cal. 311.

Colwell, the consignee, had a special property in the piano; he had paid part of the purchase money, and by the terms of the contract he was entitled to the possession of the piano as long as the terms of the contracts were complied with. The right of possession was in him at the time the piano was destroyed, and as such special owner he could recover from the defendant the full value of it, unless

the plaintiffs, as owners, intervened, or made claim to the property for their own protection. *Wohlwend* v. *J. I. Case Threshing Mach. Co.*, 42 Minn. 500; *Marsden* v. *Cornell*, 62 N. Y. 215; *Jellett* v. *St. Paul, M. & M. Ry. Co.*, 30 Minn. 265; *Boston & Maine R. Co.* v. *Warrior Mower Co.*, 76 Me. 260; *Little* v. *Fossett*, 34 Me. 545; *White* v. *Webb*, 15 Conn. 305; *Chamberlain* v. *West*, 37 Minn. 54.

*McLaughlin & Morrison*, for respondents.

Defendant is chargeable with constructive notice of plaintiff's rights. They filed the conditional contract of sale in the proper office, and at the place where the property was destroyed. 1878 G. S. ch. 39, §§ 15, 16; *Dows* v. *National Exchange Bank*, 91 U. S. 618.

COLLINS, J. Plaintiffs were the consignors, one Colwell the consignee, and defendant the common carrier, of a piano shipped from Minneapolis to Anoka over its line of railway. When the instrument was delivered to defendant for carriage its agent gave the usual bill of lading to plaintiffs, and this was immediately transmitted by them to Colwell, the consignee. Soon after its arrival at Anoka, and before Colwell had the opportunity to remove it from the depot, the piano was destroyed by fire. Thereupon Colwell made a claim upon defendant for its value, producing the bill of lading and an invoice, from which it appeared that he had purchased the piano from plaintiffs, and had partly paid for the same. The fact was that the sale to Colwell was conditional, a written contract having been made that the title to the instrument should remain in plaintiffs until Colwell paid for it in full, and a copy of this contract had been duly filed in the office of the proper city clerk a few days before the fire, in compliance with the provisions of the statute. 1878 G. S. ch. 39, §§ 15, etc. Defendant had no actual knowledge of this, and had not been advised in any manner as to plaintiffs' claim upon the piano, when, in settlement of Colwell's demand, it paid to him its full value.

It is thoroughly settled that if no other facts appear the consignee, and not the consignor, of property delivered to a common carrier must be considered its owner. *Benjamin* v. *Levy*, 39 Minn. 11, (38 N. W. Rep. 702.) The legal presumption is that, upon the delivery

of goods to a common carrier, the title thereto vests in the consignee, and this presumption the carrier has a right to rely upon, in the absence of express notice from the consignor to the contrary. The carrier, therefore, has the right to settle with the consignee in case the property is lost, stolen, or destroyed. *Scammon* v. *Wells, Fargo & Co.*, 84 Cal. 311, (24 Pac. Rep. 284;) *Pennsylvania Co.* v. *Holderman*, 69 Ind. 18; 2 Amer. & Eng. Enc. Law, pp. 810, 811, and cases cited in notes. Again, upon the stipulated facts, Colwell had a special property in the instrument, and as a special owner could recover its full value from the defendant. *Chamberlain* v. *West*, 37 Minn. 54, (33 N. W. Rep. 114.) See, also, *Jellett* v. *St. Paul, M. & M. Ry. Co.*, 30 Minn. 265, (15 N. W. Rep. 237;) *Brown* v. *Shaw*, 51 Minn. 266, (53 N. W. Rep. 633;) *Marsden* v. *Cornell*, 62 N. Y. 215; *Boston & M. R. Co.* v. *Warrior Mower Co.*, 76 Me. 260; *White* v. *Webb*, 15 Conn. 305. Counsel for respondents do not take issue upon these propositions, but insist that, on the filing of a copy of the conditional contract of sale, as before stated, defendant carrier had notice that their clients retained title to the property, and was bound by such notice. The statutes (sections 15, etc., *supra*) have no application. They were enacted for the benefit and protection of the parties therein mentioned, namely, creditors of the vendee, subsequent purchasers, and mortgagees in good faith, and the well-established rules of law fixing defendant's liability as a common carrier were in no manner affected by the provisions therein contained.

Order reversed.

(Opinion published 53 N. W. Rep. 714.)