J. L. JARRETT v. GREAT NORTHERN RAILWAY COMPANY.

December 7, 1898.

Nos. 11,361—(141).

**Carrier—Consignor May Maintain Action.**
The consignor may maintain an action against a common carrier for failing to perform its contract, when he, and not the consignee, is the owner of the goods.

**Pleading—Unpaid Freight Charge.**
*Held*, it does not appear from the complaint in this action that any freight was due the carrier.

**Action against Carrier—Complaint Must Allege Demand.**
Before an action can be maintained against the carrier for failing to deliver the goods to the consignee, a demand must be made for them, unless it is not in the power of the carrier to deliver them. The complaint *held* demurrable for failure to allege such a demand.

Action in the municipal court of Minneapolis to recover $193.51, as damages for failure to deliver certain hay shipped in two consignments. From an order, W. A. Kerr, J., sustaining a demurrer to the complaint, plaintiff appealed. Affirmed.

*F. H. Castner* and *Geo. C. Stiles*, for appellant.

It is part of the contract for the carriage of goods by a common carrier to deliver them to the consignee. Hutchinson, Car. § 338; Story, Bailm. (8th Ed.) § 509; Missouri v. Heidenheimer, 82 Tex. 195; Rome v. Sullivan, 14 Ga. 277; Chicago v. Warren, 16 Ill. 502; Pinney v. First Div. St. P. & Pac. R. Co., 19 Minn. 211 (251); Derosia v. Winona & St. P. R. Co., 18 Minn. 119 (133). It is sufficient prima-facie evidence of loss by negligence, to show that the goods agreed to be carried never have been delivered to the bailor or his agent, or to the consignee. Porter v. Chicago, 20 Ill. 408. It is not necessary to plead a demand for the goods before bringing the action. See McCauley v. Davidson, 10 Minn. 335 (418). The owner of the property and consignor may sue for a nondelivery. Hutchinson, Car. §§ 720–730; Blanchard v. Page, 8 Gray, 281; Finn v.

Western, 112 Mass. 524; Ames v. First Div. St. P. & Pac. R Co., 12 Minn. 295 (412).

*W. E. Dodge* and *Charles S. Albert*, for respondent.

The consignee is considered the person prima-facie entitled to sue for loss or injury to goods shipped, as the law intends that by delivery to the carrier the title to the goods shall vest in the consignee. McCauley v. Davidson, 13 Minn. 150 (162); Dyer v. Great Northern Ry. Co., 51 Minn. 345; Benjamin v. Levy, 39 Minn. 11; 3 Enc. Pl. & Prac. 829. A presumption of ownership in the consignee arises from a bill of lading making the goods deliverable to him or his assigns. Lawrence v. Minturn, 17 How. 100; Butler v. Smith, 35 Miss. 457; Arbuckle v. Thompson, 37 Pa. St. 170; Blanchard v. Page, 8 Gray, 281; Harrison v. Hixson, 4 Blackf. (Ind.) 226.

Before an action can be brought for nondelivery of goods, a demand for them from the carrier is necessary. Michigan v. Bivens, 13 Ind. 263; Rome v. Sullivan, 14 Ga. 277; Hawkins v. The Hattie Palmer, 63 Fed. 1015; Gregg v. Illinois, 147 Ill. 550; Furman v. Union, 106 N. Y. 579; Briggs v. New York, 28 Barb. 515. It is also necessary that a reasonable time has elapsed in due course of transportation for the delivery of the goods, and that the carrier's reasonable freight and charges have been paid, or tendered, or a reason given for not having done so. Jeffersonville v. Gent, 35 Ind. 39; Story, Bailm. §§ 107, 120, 585, 588; Saltus v. Everett, 20 Wend. 267; Goodman v. Stewart, Wright (Ohio) 216; Angell, Car. §§ 356, 384; Finn v. Western, 112 Mass. 524.

CANTY, J.

Plaintiff appeals from an order sustaining a demurrer to the complaint on the ground that it does not state a cause of action.

It is alleged in the first cause of action that defendant is a common carrier, and that, "for a valuable consideration," it agreed to safely carry from Donnelly, Minnesota, to Minneapolis, certain goods, and deliver the same, at the latter place, to John McGregor & Co.; that the goods were the property of plaintiff, and were consigned by him to John McGregor & Co., as commission merchants, to sell the same for plaintiff; and that he then delivered

the goods to defendant at Donnelly, pursuant to said agreement with it. It is further alleged

"That the defendant did not safely carry and deliver said goods, within a reasonable time, or at all, to said John McGregor & Co., at said city of Minneapolis, or at any other place, or at all, pursuant to said agreement, and did not deliver the same to plaintiff, or any other person, pursuant to plaintiff's order, at said city of Minneapolis, or at all; whereby said hay became wholly lost to this plaintiff, to his damage in the sum of $115.51, no part of which has ever been paid."

The second cause of action is similar in form, and need not be noticed further.

1. There is nothing in respondent's claim that the consignor cannot maintain the action, and that the consignee alone can do so. In Dyer v. Great Northern Ry. Co., 51 Minn. 345, 53 N. W. 714, cited by respondent, it was held at page 347,

"If no other facts appear, (except what appears by the production by the consignee of the bill of lading,) the consignee, and not the consignor, of property delivered to a common carrier, must be considered its owner."

But in this case other facts appear, which show that the consignee is not the owner, and the consignor is.

2. The complaint alleges that, "for a valuable consideration," defendant agreed to carry the goods. It does not appear what that consideration is, or whether it is freight paid or to be paid, and, if such consideration is something other than the payment of freight, it does not appear whether or not the delivery or performance of it was a condition precedent to the delivery of the goods to the consignee after the same were carried. Then we cannot sustain respondent's contention that the complaint should allege that the freight was paid or offered to be paid.

3. The complaint does not allege that plaintiff demanded the goods before bringing this action. It does not appear that it is not in the power of the defendant to deliver the goods, and, for these reasons, the complaint does not, in our opinion, state a cause of action.

It is immaterial whether an action of trover is brought or one on

contract. In either case, the action must be founded on the same breach of duty by defendant. That breach of duty is the failure to deliver the goods when demanded. It is not the customary duty of a railroad company to tender the goods to the consignee, but the goods are kept at the depot or warehouse until the consignee calls for them. And, before an action can be maintained against such a common carrier, a demand for the goods must be made. Michigan v. Bivens, 13 Ind. 263; Rome v. Sullivan, 14 Ga. 277;. Bird v. Georgia, 72 Ga. 655; Gregg v. Illinois, 147 Ill. 550, 35 N. E. 343; 4 Elliott, Railroads, § 1526; 5 Am. & Eng. Enc. (2d Ed.) 230.

The allegation in the complaint that "the defendant did not safely carry and deliver said goods" is a sort of negative pregnant,. and does not amount to an allegation that the goods were injured or destroyed in transit, or that there was a failure to deliver them on demand.

The order appealed from is affirmed.