HENRY W. SCHLICHTING, Appellant, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellee.

Common Carriers: DELIVERY TO CONSIGNEE.   Where no bill of
1   lading is issued, a common carrier is justified in assuming that title to the goods passed to the consignee on delivery for shipment, and delivery to the consignee without the production of the evidence of ownership issued to the consignor may be made, but delivery with notice that the consignee is not the owner or entitled to the possession, constitutes conversion.

Bill of Lading: ASSIGNMENT OF: DELIVERY OF GOODS.   A bill of
2   lading issued to the consignor for goods in transit stands for and represents the property and may be assigned, passing the title thereto; and when a common carrier has knowledge of the issuance of a bill of lading it is justified in refusing to deliver the goods without its production.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

FRIDAY, OCTOBER 23, 1903.

ACTION at law to recover damages resulting from defendant's failure to promptly deliver certain shipments of eggs.   The trial court directed a verdict for the defendant, and plaintiff appeals. — *Affirmed.*

*L. P. Main* for appellant.

*Carroll Wright* for appellee.

DEEMER, J.—In July of the year 1899 various parties living on the line of the Burlington, Cedar Rapids & Northern Railway Company delivered to said company numerous cases of eggs consigned to O. C. Knispel & Co. and Knispel & Lenhart, Chicago, Ill. This freight was delivered by the Burlington & Cedar Rapids Company to the defendant company at West Liberty, Iowa, for shipment to Chicago. Shipping receipts were issued by the Burlington Company, which recited that the goods were marked in the names of the aforesaid consignees. In due course the goods arrived in Chicago, and while yet in the possession of the defendant plaintiff sent it a telegram which read as follows: "Cedar Rapids, Iowa, July 9th, 1899. J. H. Norris, C. R. I. & P. Ry. Co., Chicago, Ill.: I hold bills of lading for eggs arriving today from B., C. R. & N. points consigned to O. C. Knispel and Co., and Knispel and Lenhart, Chicago. Do not make delivery until bills of lading are surrendered. I will be there Monday. Henry Schlichting." Defendant received this telegram, and on the strength thereof refused to deliver the goods to the consignees. Thereupon plaintiff wrote the following letter, which was delivered to one of the consignees, and by them presented to the railway company at its office in Chicago, Ill. The letter read in this wise: "Chicago, Ills. July 10th, 1899. Mr. Norris, C. R. I. & P. Agent at Chicago—Dear Sir: I wired you Saturday, July 8th not to deliver any eggs billed to O. C. Knispel and Co. and Knispel and Lenhart without bills of lading, that I would call on you today. That I held bills of lading. Now I saw the gentleman and I think he is A No. 1, so I will recall that order and you deliver the eggs to them without the bills of lading as you have done in the past

Yours respectfully, H. W. Schlichting." When the goods were demanded by the consignee, who had possession of this letter, the defendant refused to deliver because the bills of lading were not produced. Thereupon the plaintiff procured the bills of lading, and as soon as they were produced defendant delivered the goods. In the meantime the eggs had been damaged by delay in delivery, and this action is to recover these damages.

It is conceded that the eggs were in fact shipped by plaintiff, and that he was at one time the owner thereof; and the sole question in the case is the defendant's liability for the damages caused by the delay in the delivery of the goods. If plaintiff himself were responsible for the delay, or if defendant were guilty of no wrong in refusing to deliver the goods under the facts above recited, then, of course, there can be no recovery. The rules of law applicable to such matters are not in dispute, but in applying them, two facts, which to our minds are quite controlling, must constantly be borne in mind. The first is that defendant was not the initial carrier, and therefore had no actual knowledge of the character of the receipt or bill of lading issued for the goods; and the other, that, as plaintiff stated in his telegram he held bills of lading for the goods, he is estopped from disputing that fact. And defendant's conduct must be measured from these view points. Where no bills of lading are issued, the carrier is justified in delivering the goods to the consignee without the production of receipts or other evidences of ownership issued to the consignor. In such cases the carrier is justified in assuming that title to the goods passed to the consignee on delivery to it for shipment. This is fundamental. *Scammon v. Wells, Fargo & Co.*, 84 Cal. 311 (24 Pac. Rep. 284); *Dyer v. Great Northern R. R. Co.*, 51 Minn. 345 (53 N. W. Rep. 714, 38 Am. St. Rep. 506); *Sweet v. Barney*, 23 N. Y. 335. But if the carrier has notice that the consignee

*1. Common carriers: delivery to consignee.*

is not the owner, nor entitled to receive the goods, delivery to him will constitute a conversion. *Nanson v. Jacob*, — Mo. — (6 S. W. Rep. 246, 3 Am. St. Rep. 531); *Bank v. R. R. Co.*, 163 Pa. St. 467 (30 Atl.. Rep. 228); *Jellett v. R. R. Co.*, 30 Minn. 265 (15 N. W. Rep. 237). Indeed, a carrier is generally held liable for the delivery of goods to a person not authorized to receive them, and its good faith in making such delivery is no defense. The question is not one of care, for in such cases the carrier acts at its peril. And so it has been held that it is no excuse for the carrier to show that the delivery was secured by the third person through mistake or fraud, or that the person to whom delivery was made impersonated the consignee, or held an order from the consignee which was a forgery. *Hall v. Boston, etc., R. Corp.*, 14 Allen, 439 (92 Am. Dec. 783); *Gibbons v. Farwell*, 63 Mich. 344 (29 N. W. Rep. 855, 6 Am. St. Rep. 301); *Foy v. R. R., Co.* 63 Minn. 255 (65 N. W. Rep. 627); *American Co. v. Milk*, 73 Ill. 224; *Pacific Exp. Co. v. Critzer*, 17 Tex. Civ. App. 100 (42 S. W. Rep. 1017).

As we have seen, the defendant had the right to assume, when it received plaintiff's telegram, not only that bills of lading were issued, but that these instruments

*2.* BILL of lading: assignment of delivery of goods. reserved to the consignor the control and disposition of the goods. In such cases the bill of lading stands for the goods, and it may be transferred or assigned so as to pass all right in the property to the indorsee or assignee. *Garden Grove Co. v. Il. & S. R. R. Co.*, 67 Iowa, 533; *Weyand v. R. R. Co.*, 75 Iowa, 579; *Ayers v. Dorsey*, 101 Iowa, 141; *First Nat. Bank v. Mt. P. Milling Co.*, 103 Iowa, 518. When a bill of lading, such as defendant had the right to assume was issued in this case, is given to the consignor, the carrier is justified in refusing to deliver the goods unless the instrument itself be produced. It may be, as claimed by appellant, that it is not required to do so, but, as that proposition is not involved, we do not care to make any definite

pronouncement thereon at this time. As sustaining the rule,. see *Garden Grove v. R. R.*, *supra*; *Boatman v. R. R. Co.*, 81 Ga. 221 (7 S. E. Rep. 125); *Furman v. R. R. Co.*, 106 N.. Y. 579 (13 N. E. Rep. 587); *Bass v. Glover*, 63 Ga. 745; *Gates v. R. R. Co.*, 42 Neb. 379 (60 N. W. Rep. 583); *Merchants' Des. v. Merriam*, 111 Ind. Sup. 5 (11 N. E. Rep.. 954); *Ratzer v. R. R. Co.*, 64 Minn. 245 (66 N. W. Rep. 988, 58 Am. St. Rep. 530); *Union Pacific Co. v. Johnston*, 45 Neb. 57 (63 N. W. Rep. 144, 50 Am. St. Rep. 540); *Midland Nat. Bank v. R. R. Co.*, 132 Mo. Sup. 492 (33 S. W.. Rep. 521, 53 Am. St. Rep. 505). In the case last cited it is held that delivery by the carrier to one holding a duplicate bill of lading would not release it from liability if the original bill had been transferred, and was held by one who had advanced money thereon. Of course, the carrier may always deliver the goods to the person entitled thereto without the production of the bill of lading. But it takes its chances on so doing, and, when informed that a bill of lading is out, which reserves to the consignor control of the goods, it may insist upon the production of the instrument for its own protection. We have seen that the question in such cases is not one of good faith or due care on the part of the carrier. Ordinarily it is bound to make delivery to the right person, and if it fails to do so it is liable for conversion. *Pacific Co. v. Shearer*, 160 Ill. 215 (43 N. E. Rep. 816, 37 L. R. A. 177, 52 Am. St. Rep. 324). From these rules it follows that when the defendant received plaintiff's telegram it was justified in assuming that bills of lading were out, which reserved to the consignor complete control of the goods. These bills were assignable, and an assignee thereof before delivery of the goods would be entitled to receive them from the railway company, even against a written order such as was embodied in the letter of July 10th. Held bound to deliver to the proper person, the defendant company was justified under the circumstances in refusing to deliver until the bills of lad-

ing or freight receipts were produced.   When these were produced, delivery was promptly made, and, whatever the delay, it was due to plaintiff's conduct with reference to the goods.   Had it delivered the goods pursuant to plaintiff's letter, and it should have transpired that the bills of lading had been assigned prior to the time the letter was written, defendant could not have defeated an action by the assignee for conversion by showing the facts above recited.  Delay in delivery was due to plaintiff's own conduct, and not to any wrong of the defendant.

Evidence was offered to prove a custom to deliver without the production of bills of lading.   The evidence was not sufficient to establish any such custom, even if it were competent to prove it.   But we doubt the admissibility of such evidence. *Bank v. Bissell*, 72 N. Y. 615; *Bank v. R. R. Co.*, 132 Mo. 492 (33 S. W. Rep. 521, 53 Am. St. Rep. 505).

The order directing a verdict for defendant was right, and it is AFFIRMED.