M. ZALK and Another v. GREAT NORTHERN RAILWAY COMPANY.[1]

May 11, 1906.

Nos. 14,680—(71).

**Action by Consignor—Pleading.**

In an action by the consignor to recover the value of goods delivered to a common carrier for shipment, the complaint alleged that the carrier, in consideration of reasonable compensation to be paid by respondents, agreed to safely carry to a certain place and there deliver to the consignee, or order, certain goods and property of respondents of the value of $178.50. The answer admitted receipt of the property, denied that the same had been damaged, and alleged that the property had been delivered at the point of consignment to the consignee. *Held:*

1. The complaint sufficiently alleged that the property consigned for shipment belonged to the consignor, and it was error, on motion by appellant, to order judgment upon the pleadings dismissing the action upon the ground that it appeared upon the face of the complaint that title to the property was in the consignee who was the only party entitled to maintain the action.

2. That although the complaint was deficient, in that it did not allege that demand was made for the delivery of the goods at the point of consignment, such demand was rendered unnecessary by the answer, which alleged that the same had been delivered according to the agreement.

[1]Reported in 107 N. W, 814.

Appeal by defendant from an order of the district court for St. Louis county, Ensign, Cant and Dibell, JJ., which reversed a judgment of the municipal court of Duluth dismissing the action. Affirmed.

*W. R. Begg, J. A. Murphy,* and *Heber McHugh,* for appellant.
*Caryate S. Wilson,* for respondent.

LEWIS, J.

Action to recover the value of certain personal property delivered to appellant as a common carrier. The complaint alleged that between May 5 and 16, 1903, in consideration of a reasonable compensation, appellant agreed to safely carry to Chisholm, Minnesota, and there deliver to Longyear Lake Lumber Company, or order, certain goods and property of respondents, of the value of $178.50; that the property was delivered by respondents to appellant, and was received by it upon the agreement and for the purpose mentioned, and delivered to respondents the usual freight receipt and bill of lading therefor; further, that appellant did not deliver the goods pursuant to the agreement, but negligently failed to deliver the same to the consignee, or to any person authorized by it to receive the same,

> Nor were said goods returned to said plaintiffs, nor payment made to plaintiffs therefor, although such return and payment were by plaintiffs duly demanded of defendant, so that said property was wholly lost to plaintiffs, to their damage in the sum of $178.50.

The answer admitted receipt of the goods and delivery of the bill of lading, and averred that in the due course of business appellant made delivery of the freight at the point of consignment to the consignee, and that the goods so delivered were not in any measure damaged by its acts. The case came on for trial before the municipal court of Duluth, and appellant there moved for judgment of dismissal on the pleadings on the ground that the complaint showed that respondents were the consignors of the merchandise; that the same was consigned to the Longyear Lake Lumber Company, or order, in the usual way; that the bill of lading was delivered to the consignors; and that only the consignee could maintain the action.

The record discloses that the court made certain findings of fact which embraced the grounds of the motion to dismiss, and as a conclusion of law directed judgment on the pleadings against respondents that the case be dismissed, and judgment was accordingly entered dismissing the case, and for costs. Appeal was then taken by respondents to the district court of St. Louis county, and the judgment of the municipal court was reversed.

Appellant invokes the rule that the legal presumption is that upon delivery of the goods to a consignee, the title thereto vests in the consignee, and in the absence of notice to the contrary the common carrier had the right to rely on this presumption. Dyer v. Great Northern Ry. Co., 51 Minn. 345, 53 N. W. 714, 38 Am. St. 506; Bank of Litchfield v. Elliott, 83 Minn. 469, 86 N. W. 454. In the Dyer case the consignee had purchased a piano, and the common carrier received it from the consignor without any knowledge of any claim of title thereto by the consignor, and, having no such information, made settlement with the consignee for the piano which was destroyed by fire before delivery. The question presented here is different. It is not whether in fact respondents had any interest in the property shipped, but whether it was sufficiently alleged in the complaint that they were the owners thereof. It is alleged that the property belonged to the respondents, and the declaration was sufficiently broad to admit of evidence upon the trial that the goods did in fact belong to them. We are dealing here with a question of pleading, and upon a motion to dismiss upon the ground that the complaint does not state facts sufficient to constitute a cause of action the complaint will be liberally construed. We need not consider the effect of the formal findings of fact and conclusions of law upon the motion to dismiss, and of the entry of judgment of dismissal. The district court must be sustained, if the complaint states a cause of action, and we hold that it does.

Appellant also makes the point that the complaint is deficient for the reason that no demand is alleged to have been made at the point of consignment, citing Jarrett v. Great Northern Ry. Co., 74 Minn. 477, 77 N. W. 304. Admitting that the objection would have been well taken if made in time, it was waived by the answer. Appellant

tendered issue that it had carried out the agreement and had actually delivered the goods to the consignee. This made a demand unnecessary.

Order affirmed.