S. M. BURNAP v. CHICAGO GREAT WESTERN RAILWAY COMPANY.[2]

July 5, 1907.

Nos. 15,271—(183).

Action in the municipal court of Minneapolis to recover $294 for damage because of alleged negligence of appellant in the transportation and care of a carload of apples while in its custody as common carrier and warehouseman. There was evidence that the apples were picked from the orchard at Clear Lake, Iowa, on August 12 or 13, 1904, and on the latter day loaded in an ordinary refrigerator car, thoroughly cooled and iced. In usual course they were delivered by the initial carrier to appellant at Mason City, Iowa, on the morning of August 15 without inspection, were transported to St. Paul, and on August 16 were found to be warm and cracked open, because of having been insufficiently iced in transit and permitted to become overheated. The case was tried before Charles L. Smith, J., who made findings and ordered judgment for $300 in favor of plaintiff. From an order denying a new trial, defendant appealed. Reversed.

*A. G. Briggs* and *T. P. McNamara*, for appellant.

*George C. Stiles*, for respondent.

[1] Reported in 111 N. W. 1133.    [2] Reported in 112 N. W. —.

PER CURIAM.

Defendant and appellant in the first place insists: That the testimony in this case proves the plaintiff, the consignor, not to have been the owner of the apples at the time the damage was done, inasmuch as the title had passed to the consignee, and that therefore the consignee was the only person who could recover for the damage. The record, however, shows that the vendor sold the apples by description; that the title passed subject to the right of inspection at the destination; that if they were there accepted, the price to be paid was to be the one fixed by the agreement f. o. b. cars at shipping point. The trial court found, and was justified in finding, that immediately after the arrival of the car at its destination, the consignee wired plaintiff that he had rejected the fruit; that thereupon plaintiff turned the apples over to the consignee under a new contract whereby the consignee was to sell or dispose of the apples, as commission merchants, for the plaintiff; and that said apples were thereafter sold and disposed of by the consignee in accordance with the new agreement. Under these circumstances, the carrier is in no position to deny that the plaintiff was a proper party, or to insist that he could not recover because the consignee was not joined. In case of recovery by the plaintiff, the consignee could not afterwards sue and recover damages for goods which it had in fact sold as the property of the plaintiff. See Zalk v. Great Northern Ry. Co., 98 Minn. 65, 107 N. W. 814; Savannah v. Commercial, 103 Ga. 590, 30 S. E. 551.

The defendant in the second place insists that whatever damage was done the apples must have been done them while in the possession of the initial carrier before they were delivered to it. There is testimony which tended affirmatively to show this. The present case is, therefore, substantially different from cases in which the final carrier had not assumed and borne the burden of proof of showing that the freight was received by it in bad order. It is true that the trial court found as a fact that the apples were delivered to the defendant in like good order and condition as when shipped. As the case has been presented and argued here, however, we are of opinion that this finding of fact was not justified by the evidence. The respondent in his brief has impliedly conceded this. He does not advert to it at all. Nor upon oral argument did counsel for respondent appear in opposition to defendant's position. Upon the record in this court the plaintiff should not have prevailed. In view of the motion made by the defendant, the order of the court made therein, the notice of appeal, and the assignments of error, the only relief which can be afforded defendant is to grant a new trial.

Reversed and a new trial ordered.