## Brooks *versus* Briggs.

In trover for an article mortgaged to the plaintiff, the mortgage alone is evi-
dence, *prima facie*, of property in him, as against a subsequent vendee of
the mortgager.

If, in such an action, the defence be set up that the mortgage debt has been
paid, the burden of proof is on the defendant.

Exceptions from the District Court, Cole, J.

Trover for a wagon.

One Blake, while owning the wagon, conveyed it in mort-
gage to the plaintiff, to secure the payment of a promissory
note.   Blake afterwards sold it to the defendant.   This action
is brought to recover its value.

To prove title, the plaintiff introduced the mortgage, which
had been duly recorded; but offered no other evidence, neither
was any offered by the defendant.

The defendant objected to a recovery by the plaintiff, un-
less he introduced the note, or furnished some further evi-
dence of Blake's indebtedness upon it.   The Judge ruled,

Buxton *v.* Hamblen.

that, in this stage of the case, it was not necessary for the plaintiff to introduce further proof.

The verdict was for the plaintiff, and the defendant excepted.

*Bennett*, for the defendant.

It should have been required of the plaintiff to prove that the mortgage-note was unpaid. If unpaid, the note is presumed to be in his hands. If paid, the mortgage is of no force. The *defendant* did not give the note, and has no means of proving what payments may have been made by his vendor. It is reasonable, therefore, that the plaintiff, having possession of all the proof, should be held to produce it.

The amount which the plaintiff is entitled to recover in this action, if any thing, is the amount due upon the note. We wish to know, therefore, whether the note is unpaid, and if so, what indorsements are made upon it.

*N. Morrell*, for the plaintiff, cited R. S. chap. 125, sect. 31 and 32; Phil. Ev. 89; 18 Maine, 357; Shep. Touch. 1820; 20 Maine, 408; 18 Pick. 394.

HOWARD, J., orally. — The production of the mortgage was evidence, *prima facie*, of property in the plaintiff.

If the defendant would rely upon a payment of the mortgage debt, the burden of proof was on him. The instructions of the District Court were correct.

*Exceptions overruled.*