JAMES I. JELLETT *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

March 7, 1883.

**Carrier—Conversion by Unauthorized Delivery—Damages.**—The plain_ tiff contracted to sell to W. a car-load of corn, to be paid for in cash before delivery, and which defendant, a common carrier, received " for account" of plaintiff, and subject to his order.  W. had previously paid part of the purchase price only, and had not acquired title or right to the possession.  Defendant delivered the corn to W., without plaintiff's consent, and before payment of the balance.  *Held*, a conversion of the corn, and that the measure of the plaintiff's damages was the full value thereof, with interest; but that defendant was entitled to allege and prove, in mitigation of damages, that subsequent to the conversion W. had paid and settled with plaintiff for the corn.

Plaintiff brought this action in the district court for Ramsey county for the conversion of a car-load of corn, the complaint alleging, in general terms, title and right of possession in plaintiff, a conversion by defendant on July 2, 1880, and the value of the property.

In its answer the defendant, after denying knowledge, etc., as to plaintiff's ownership or right of possession, admits that on July 2, 1880, it received the property from Jellett & Co., and denies knowledge as to whether Jellett & Co. was a partnership, or a name in which plaintiff did business.   Then follow these averments:

"That said Jellett & Co., on said 2d day of July, 1880, sold said car-load of corn to one I. W. Webb, and duly authorized this defendant to deliver the same to said I. W. Webb, at Edna station, in the state of Minnesota, which said corn was on said 2d day of July, 1880, duly delivered to said Webb at the place aforesaid.

"That this defendant has been informed and believes that said Jellett & Co. sold said corn to said Webb for the sum of $100.50, which said sum has been duly paid to the said Jellett & Co. by the said I. W. Webb, and received by said Jellett & Co., after the delivery of said corn to said Webb, and with full knowledge of the delivery thereof to him as aforesaid.

"That the said plaintiff did not, until long after the delivery of said corn to said Webb, claim to be the owner thereof or entitled to the possession thereof, nor had this defendant any knowledge, until said claim was made, that said plaintiff ever claimed to be the owner or entitled to the possession of said corn or any part thereof."

On plaintiff's motion the paragraphs quoted were stricken out by order of *Wilkin*, J., and the action was thereafter tried by *Brill*, J., a jury being waived.

The evidence for plaintiff showed that on July 1st he agreed to sell to one I. W. Webb 300 bushels of corn for $100.50; that the corn was in an elevator of the St. Paul Elevator Co., in St. Paul, and that plaintiff agreed with Webb that he would order a car and have it loaded from the elevator. Webb paid down $70 of the purchase price, and the plaintiff ordered a car from the defendant to be sent to the elevator to be loaded for plaintiff's account. The car was sent and loaded, and returned to defendant. Having received the loaded car, the defendant, by Webb's direction, sent it to him at Edna station. The elevator company, when it sent off the loaded car from its elevator (on the line of the Chicago, St. Paul, M. & O. railway,) sent with it a slip stating that it was "for account of Jellett & Co.," but not stating the name of any consignee. This slip was not received by defendant until it had sent off the car as directed by Webb.

The plaintiff having rested his case on this evidence, the defendant asked leave to amend its answer by adding the following: "That on July 1, 1880, said Jellett & Co. sold the said corn to said I. W. Webb, who, on said day, paid the said Jellett & Co., on account thereof, the sum of $70." This was denied by the court and judgment ordered for plaintiff for $100.50, with interest from July 2, 1880. Judgment having been entered accordingly, the defendant appealed.

*R. B. Galusha* and *J. Kling*, for appellant.

*Rufus J. Reid*, for respondent.

VANDERBURGH, J.* Plaintiff sues for the value of a car-load of corn, alleged to have been wrongfully converted by the defendant. The plaintiff had contracted with one Webb, to sell and deliver him

*Gilfillan, C. J., because of illness, took no part in this case.

the corn, to be paid for in cash before delivery.  Webb paid $70 of the price, but the balance, $30.50, which was to be paid immediately, he neglected to pay.   Whereupon plaintiff caused the grain to be shipped upon one of defendant's cars, for account of himself, in the name of Jellett & Co., under which he was transacting business, though he had no partner.   The defendant delivered the corn to Webb at his request, but without the consent or direction of plaintiff. There is no evidence of any further payment or offer of payment by Webb to plaintiff, or any settlement between them, or of any act of ratification by plaintiff of such delivery to Webb.  The title of the property must be assumed to be in plaintiff, as general owner.   The defendant received the goods from the plaintiff's possession.   This is sufficient evidence of title in the plaintiff, for the purposes of the action, in the absence of any evidence that the property was demanded or taken from the carrier by some one having a superior claim.   The defendant could not, of his own mere motion, set up want of title in the plaintiff.   Story on Bailments, § 582.   The ownership and right of possession being in plaintiff, the delivery of the property to Webb, before the payment of the balance of the price, was unauthorized and wrongful, and amounted to a conversion.

Upon the question of damages, the defendant contends that he should be allowed the amount paid by Webb on the corn, $70, in reduction of plaintiff's damages, and that the court erred in not allowing defendant to amend his answer to conform to the facts proved. The general rule of damages in trover is the value of the property, with interest.   This is modified, in some instances, by the relations to the property of the parties to the action.   If the case is in such situation that the rights of both parties can be adjusted in the same action, and the plaintiff can be indemnified by a sum less than the full value, it may be so done, and circuity of action be avoided. *Chamberlin* v. *Shaw*, 18 Pick. 278.   Thus, where the plaintiff has a special property in goods, his damages, as against the general owner, is the value of his interest only.    *La Crosse & Minn. Packet Co.* v. *Robertson*, 13 Minn. 269, (291;) *Dodge* v. *Chandler*, Id. 105, (114, 120.) But in an action by such plaintiff against a stranger, he will be entitled to the full value of the goods, holding the surplus over the

amount of his own claim as trustee for the general owner.  Sedgwick on Damages, *482.

And defendant may show, in mitigation of damages, any lawful application of the property or its avails to the use of the owner, though the latter is not a party to the suit, because the plaintiff is not answerable over in such case.  *Becker* v. *Dunham*, 27 Minn. 32; *Squire* v. *Hollenbeck*, 9 Pick. 551–2; *City of Lowell* v. *Parker*, 10 Met. 309, 316–17; *Kaley* v..*Shed*, Id. 317, 319.  So, also, where the property has been returned and received by the plaintiff in the suit, or its proceeds have, by due process, gone to pay his debts.  *Pierce* v. *Benjamin*, 14 Pick. 356, 361; *Ball* v. *Liney*, 48 N. Y. 6; *Dailey* v *Crowley*, 5 Lans. 301; *Bates* v. *Courtwright*, 36 Ill. 518; *Rosenfield* v. *Express Co.*, 1 Woods, 131.  And, in general, the right of the plaintiff in trover to recover the full value of the goods is subject to any lawful lien, claim, or interest which the defendant may have in them, to be adjudicated in the same action.  The allowance of such matter in mitigation is an application of the doctrine of recoupment, where there is privity between the parties.  *Parish* v. *Wheeler*, 22 N. Y. 494, 511–12; *Russell* v. *Butterfield*, 21 Wend. 300; *Johnson* v. *Stear*, 15 C. B. (N. S.) 330; *Fowler* v. *Gilman*, 13 Met. 267; *Chinery* v. *Viall*, 5 Hurl. & N. 288; Sedgwick on Damages, *482, notes; *Chamberlin* v. *Shaw, supra.*

In the case at bar Webb had no title or lien.  There was no privity between defendant and him as respects any interest or claim of the latter, and defendant has itself no legal or equitable interest in the property upon which to ground any claim for limiting the recovery, or modifying the application of the general rule of damages. *Nesbitt* v. *St. Paul Lumber Co.*, 21 Minn. 491.  The legal title to the corn was in the plaintiff at the time of the conversion.  It was in defendant's possession, subject to plaintiff's order.  Defendant wrongfully delivered it to Webb, to whose relations with the plaintiff defendant is a stranger; and it is not competent to adjust the differences between plaintiff and Webb in this action.  *McMichael* v. *Mason*, 13 Pa. St. 214.  As respects the question of the privity necessary to entitle defendant to interpose such matter in mitigation, it is not entitled to insist upon the fact that it made a voluntary and un-

authorized delivery of the corn upon a contract for its purchase. The property, its disposition and control, belonged to plaintiff. Defendant was responsible to plaintiff alone, and had no right to make a voluntary appropriation of it to another, and would accordingly be accountable under the issues, as they stand, for the full value. Redfield on Carriers, § 318; *Cram* v. *Bailey*, 10 Gray, 87; *Angier* v. *Taunton Paper Manuf'g Co.*, 1 Gray, 621; *Brown* v. *Haynes*, 52 Me. 578.

Defendant will have a right of action over against Webb, and as to him it can only be determined, in an action between him and the plaintiff, what (if any) claim or equities he may still have remaining to be adjusted between them. In this way no one will be permitted to profit by his own wrong.

2. There remains to consider the question as to the propriety of the action of the court in striking out certain allegations in the answer, on plaintiff's motion, before the trial, which the defendant assigns for error. The measure of damages, as alleged and claimed by the plaintiff, is the value of the corn. The defendant denies the conversion, but not the value, and hence there was no issue raised by the pleadings as to the amount of damages, unless by matter specially pleaded. So much of the answer as sets up facts going to show that there was no conversion, was rightly stricken out, because such facts were admissible in evidence under the denial of the conversion. But the allegations that, subsequent to the delivery to Webb, and with full knowledge thereof, plaintiffs (Jellett & Co.) had received from him the full amount of the purchase price, were proper and material in mitigation of damages. Plaintiff was not bound to introduce any evidence of damages, the value being admitted. *Coleman* v. *Pearce*, 26 Minn. 123; *Moulton* v. *Thompson*, 26 Minn. 120. This rule is not uniform elsewhere, but it is well established in this state. Pomeroy on Remedies, § 617. Defendant, admitting the value, but relying upon new and independent facts, occurring subsequent to the conversion, in mitigation of the damages, had no opportunity to prove them, under any issue tendered by the complaint. It was therefore proper that they should be alleged in the answer. *Evans* v. *Williams*, 60 Barb. 346.

Whether, if plaintiff, under a general allegation, had been obliged to prove the amount of his damages, defendant might not have proved these facts in reduction of the amount claimed without pleading them, we need not consider. See *O'Brien* v. *McCann,* 58 N. Y. 373. That the evidence would have been material in mitigation we have already shown. *Rosenfield* v. *Express Co.,* 1 Woods, 131; *Torry* v. *Black,* 58 N. Y. 185, 191.

We think, therefore, it was error to strike out this portion of the answer, and that, for this cause, the judgment should be reversed, and the cause remanded for further proceedings.

*Gilfillan, C. J., because of illness, took no part in this case.