The New York, Chicago and St. Louis Railway Company *v.* Auer.

Filed April 13, 1886.

---

No. 12,481.

## THE NEW YORK, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* AUER.

PARTIES.—*Personal Property.*—*Custodian of, when Treated as Owner.*—When one is in possession of property under such an arrangement that he is accountable for it, or for any injury to it, such person is treated as the owner, and may sue to recover for any loss or injury done such property while it is so in his possession.

AGISTER.—*When Treated as Owner.*—*Contract.*—D. delivered certain sheep

to A. under an arrangement whereby A. was to keep and care for them. He had the right at pleasure to return the identical sheep, and was to deliver one-half the increase and one-half the wool to D. If any of those originally delivered, or of the increase, died of disease or from natural causes, such loss of those delivered and of one-half of the increase was to be borne by D., while A. was to account for the value of all that strayed away and were lost, or those that might be killed by dogs or otherwise injured. Before any had been returned, or any division of the increase, the flock escaped through a defective fence on the right of way of a railroad company, and a number were killed by the cars—being part of the original number and part of the increase.

*Held,* that A. should be treated as the owner of all, and was entitled as such to recover their value from the railroad company.

From the Kosciusko Circuit Court.

*J. S. Frazer* and *W. D. Frazer,* for appellant.

*T. R. Marshall* and *W. F. McNagny,* for appellee.

MITCHELL, J.—Auer recovered a judgment against the railroad company for $109.50, the value of sheep killed and injured on the company's right of way.

The appellant claims a reversal on the ground that the appellee was not the owner of the sheep.

The facts were found by the court, and were as follows: In the fall of 1882, Daniel Bros., delivered twenty-three sheep to the plaintiff under the following arrangement: Auer was to receive the sheep and keep and care for them on his farm. He had the right at his pleasure to return the identical sheep received, and was to deliver one-half the increase and one-half the wool to Daniel Bros. If any of those originally delivered or of the increase died of disease, or from natural causes, it was agreed that such loss of those delivered, and of one-half the increase, should be borne by Daniel Bros. If any of the sheep should stray away and be lost, or if any should be killed by dogs, or otherwise hurt or injured, Auer was to account for their value. The remainder of the increase were to be his property while he had them in possession. Before those received had been returned, or any division of the increase made, the flock escaped out of Auer's

possession, through a defective fence, on to the defendant's right of way. Nineteen were killed by the cars and four injured. Of those killed three were of the number received from Daniel Bros., the remainder were of the undivided increase.

Upon the facts found the court stated as a conclusion that the plaintiff was entitled to recover the value of the sheep killed and injured.

The statute which imposes liability on railroad companies for stock killed, gives the right of action to the owner of the stock. The question is, who was the owner? As to the undivided increase, the ownership was in the plaintiff. This is upon the principle applied in analogous cases, in which the relation of landlord and tenant exists. The holding in such cases uniformly is, that the title to the whole of that which is to be delivered as rent remains in the tenant until delivery is made. He is regarded as the owner. For an injury to the property while so in possession of a tenant, he is entitled to maintain an action as owner. *Chicago, etc., R. W. Co.* v. *Linard*, 94 Ind. 319 (48 Am. R. 155), and cases cited. The case cited and those referred to are not distinguishable in principle from the one under consideration.

By the common law, an agister had such title in virtue of his possession as enabled him to maintain trespass or trover for an injury to or conversion of the cattle. Story Bailments, section 443. Whether one having animals in agistment with no such special agreement as appears in the case before us, could maintain an action as owner, we need not determine. Under the arrangement set out in the special finding, it clearly follows the plaintiff was the owner.

On behalf of the appellant, it is contended that the right of possession which the appellee had did not invest him with title as owner. Reliance is placed upon the definition of the term "owner." Owner, as defined by Bouvier is, "He who has dominion of a thing, real or personal, corporeal or incorporeal, which he has a right to enjoy and do with as he

pleases,—even to spoil or destroy it," etc. Within the definition given, we think, under the contract, Auer was the owner of the increase until Daniel Bros.' share was delivered to them. He had complete dominion of them, even to the exclusion of Daniel Bros. He was absolutely accountable for the whole number. If he could show that some died of disease or from natural causes, he was exonerated from paying the value of those so accounted for. Until the share to which Daniel Bros. were entitled was ascertained and delivered to them, they were not joint owners with the plaintiff. If they had taken possession of the sheep without his consent, he could have maintained replevin against them, and if they had sued for the injury, the railway company could have successfully defended on the ground that Auer was the owner.

As to the three which were of the number originally received, the conclusion that the plaintiff was entitled to recover for their loss was also correct.

When the sheep were killed or injured, the plaintiff was at once liable to Daniel Bros. under his contract. They could have maintained a suit against him directly.

In the case of *Welty* v. *Indianapolis, etc., R. R. Co.*, 105 Ind. 55, it was held that the borrower of an animal, which was injured while in his possession, stood in the relation of owner to the company on whose right of way the injury occurred. When one is in possession of property under such an arrangement that he is accountable for it, or for any injury to it in any event, such person may sue to recover for any loss or injury done the property while it is so in his possession. In such a case the person in possession is treated as the owner, and is entitled to all the rights of an owner. *Louisville, etc., R. W. Co.* v. *Goodbar*, 88 Ind. 213; *Fuller* v. *Curtis*, 100 Ind. 237 (50 Am. R. 786); Story Agency, section 398.

As the plaintiff had the exclusive right of possession of

all the sheep, and was liable absolutely and at once for the value of those killed or injured, he was fairly the owner within the meaning of the statute.

The judgment is affirmed, with costs.

Filed April 15, 1886.