CHARLES E. ADAMSON *vs.* HANS C. PETERSEN.

October 1, 1886.

Chattel Mortgage — Description of Property — Identification —·Evidence.—A chattel mortgage of "all that certain stock of one-inch seasoned lumber,· being one car-load of about 12,000 feet," and further describing the property as being at a particular place in the city of M., may, as between the parties, or as to a subsequent purchaser with notice, or a stranger, be shown by evidence to be applicable to a car-load of such lumber standing at a different place in the city from that named in the mortgage.

Same—Evidence of Understanding of Parties.—Evidence showing that the parties understood that the property was to be removed to the place designated in the mortgage would be admissible to apply the mortgage to property otherwise correctly described.

Same—Conversion by Stranger—Action by Mortgagee—Damages.— A mortgagee, having the right of possession, may recover the full value of the property, even in excess of his debt, in an action against a stranger who shows no right to the property.

Appeal by defendant from a judgment of the municipal court of Minneapolis.

*Christensen & Gjertsen,* for appellant.

*Merrick & Merrick,* for respondent.

DICKINSON, J. This action is for the alleged conversion, by the defendant, of 10,000 feet of one-inch pine lumber. The plaintiff's interest is that of mortgagee, the mortgage having been executed to him by one Nelson, the owner of the lumber, July 13, 1885. The defendant asserts title as purchaser from Nelson on the 16th day of July, 1885, and denies that the plaintiff's mortgage included this property. It appears by the evidence that Nelson was operating a planing-mill in Minneapolis, at No. 1,322 Washington avenue north. The mortgage, received in evidence against the defendant's objection, described the mortgaged property (including property not here in controversy) as follows: "All that stock of mouldings, base-boards, casings, and other building material manufactured and prepared, * * * and also all that certain stock of one-inch seasoned lum-

v.35m—34

ber, being one car-load of about 12,000 feet. Said lumber to be worked up into building material by said first party, *and all of said property being now located at No. 1,322 Washington Ave. N., Minneapolis, Minn., at said first party's planing-mill;* all the said property being now in the possession of said first party in the city of Minneapolis." In fact, at the time of the giving of this mortgage, and when the defendant assumed to purchase this property, some three days afterwards, the lumber in question was not, and never had been, at Nelson's planing-mill at 1,322 Washington avenue. It was on a car standing in the Omaha Railroad yard at Minneapolis.

The case is not certified to contain all of the evidence, and we cannot, therefore, consider the sufficiency of the evidence to sustain the finding of fact, which involves the conclusion that this property was covered by the mortgage. The statement in the mortgage as to the location of this property was erroneous, but it does not follow that the mortgage may not have been effectual to embrace the property, not only as between the parties, but as to the defendant. As between the parties to the mortgage, evidence would have been admissible showing that the mortgagor had no one-inch seasoned lumber at his mill, but that he had this car-load of lumber, and this one only, in his possession at the railroad yard. Other facts might be shown making it clear that this was the property which the parties regarded as the subject of the mortgage. In such case the description of the property as "that certain stock of one-inch seasoned lumber, being one car-load of about 12,000 feet, * * * being now in the possession of said party of the first part, in the city of Minneapolis," would be sufficient to embrace this property; and the false designation as to its location might be rejected,—the maxim, *falsa demonstratio non nocet*, being applicable. Evidence of the like kind would be admissible, and with the same effect, as against this defendant, as least if it were also shown that he had actual notice or knowledge of such facts, or if he had no property right in the lumber. It is to be presumed, since nothing is shown to the contrary, that whatever evidence was necessary to show that the mortgage was applicable to this property was before the court. The mortgage was admissible in evidence, notwithstanding the fact that it does not,

upon its face, and without other proof, appear to embrace the property in question.   It was a proper and necessary link in the plaintiff's chain of evidence.

In answer to the question, what was to be done with the lumber, evidence was received that it was to be transported to Nelson's place, 1,322 Washington avenue.   It was objected only that this was immaterial and irrelevant.   Both the question and the answer were objectionable for indefiniteness.   As we can only surmise the meaning of the evidence, it is difficult to determine its objectionable quality in the respects embraced in the objection assigned.   If it meant that the parties had agreed or knew that it was to be removed to the mill of the mortgagor, the evidence was admissible,—at least as between the parties, and as to others having notice of the facts, or as to strangers,—not to extend the mortgage to property so insufficiently designated that the mortgage could not be applied to it, but in identifying the car-load of lumber mortgaged, and which was sufficiently described so that it could be identified notwithstanding the false description. It would serve to explain the false description, and to apply the mortgage to the property designated in it.

The plaintiff's debt secured by the mortgage was somewhat less than the recovery awarded, the verdict being evidently for the estimated value of the property.   This was authorized if in fact the defendant had acquired no right of property either as against the prior mortgagee or the mortgagor.   *Jellett* v. *St. Paul, M. & M. Ry. Co.*, 30 Minn. 265, (15 N. W. Rep. 237;)   *Mechanics', etc., Bank* v. *Farmers', etc., Bank,* 60 N. Y. 40; *Atkins* v. *Moore,* 82 Ill. 240.   It was disputed as to whether the agent of Nelson, from whom the defendant purchased, had any authority to sell, and the court may have considered that there was no authority, and that the defendant had no rights respecting the property.

Judgment affirmed.