O. S. Chamberlain *vs.* John T. West.

June 1, 1887.

Bailment—Right of Gratuitous Bailee against Stranger.—A bailee of property gratuitously loaned to him by the owner may maintain an action to recover the value thereof against a stranger who has converted the property, or through whose negligence or failure of duty it is lost. He may do so, although not responsible to the general owner for the loss.

Same—Innkeeper.—Rule applied to an action by such bailee against an innkeeper for the value of property stolen from his room while a guest at the inn.

Innkeeper—Posting Notice to Guests.—Evidence *held* not to show conclusively the posting of the statutory notice to guests. [Rep.

Appeal by defendant from an order of the district court for Hennepin county, *Lochren,*. J., presiding, refusing a new trial.

*Wm. H. Eustis,* for appellant.

*C. H. Benton,* for respondent.

Mitchell, J. This action was brought to recover the value of a diamond scarf-pin, alleged to have been stolen from plaintiff's room

while a guest at the West Hotel.   It appeared from the evidence that the plaintiff was not the general owner of the pin, but that a year or two previous he had borrowed it from a friend, who, he says, "loaned it to him for ten years." The plaintiff had a verdict for the full value of the property.   The defendant's contention is—*First*, that plaintiff, being a mere gratuitous bailee, had no such interest in the property as would entitle him to recover; and, *second*, even if he could maintain an action, he could only recover the value of his special property in the thing.

Nothing is better settled than that, in actions for torts in the taking or conversion of personal property against a stranger to the title, a bailee, mortgagee, or other special-property man is entitled to recover full value, and must account to the general owner for the surplus recovered beyond the value of his own interest; but as against the general owner or one in privity with him he can only recover the value of his special property.   1 Sedg. Dam. note *a;* 1 Suth. Dam. 210; *Jellett.* v. *St. Paul, M. & M. Ry. Co.*, 30 Minn. 265, (15 N. W. Rep. 237;) *Russell* v. *Butterfield*, 21 Wend. 300; *Mechanics', etc., Bank* v. *National Bank*, 60 N. Y. 40; *Atkins* v. *Moore*, 82 Ill. 240; *Fallon* v. *Manning*, 35 Mo. 271.   A mere depositary or gratuitous bailee may maintain such an action.   The bailee may maintain it, although not responsible to the general owner for the loss.   This he may do, not only against one who has tortiously converted the property, but also against one through whose negligence or failure of duty it has been lost; as, for example, a common carrier or innkeeper.   Edw. Bailm. § 37; *Faulkner* v. *Brown*, 13 Wend. 63; *Moran* v. *Portland Steam Packet Co.*, 35 Me. 55; *Finn* v. *Western R. Co.*, 112 Mass. 524; *Kellogg* v. *Sweeney*, 1 Lans. 397, 46 N. Y. 291.

2. Whether this pin was stolen from plaintiff's room, and whether he himself was guilty of contributory negligence, were, under the evidence, questions of fact for the jury.   There is evidence reasonably tending to support the verdict, and hence this court cannot disturb it.

3. The defendant sought to relieve himself from his common-law liability as innkeeper by showing compliance with Gen. St. 1878, *c.* 124, §§ 21, 22, (Laws 1874, *c.* 52.)   This statute requires the innkeeper, in order to bring himself within its provisions, to keep in his

hotel an iron safe, suitable for the custody of money, jewelry, or other valuables, *and to keep posted conspicuously at the office, also on the inside of every entrance door of every public sleeping, reading, bar, sitting, and parlor room of the hotel,* a notice to the guests that they must leave their money, jewelry, and other valuables with the landlord for safe-keeping. It is incumbent on an innkeeper claiming the benefit of this statute affirmatively to show a substantial compliance with all its requirements. Much of the evidence on this point was so vague and indefinite, and mere impressions not within the personal knowledge of the witnesses, that it cannot be said that the posting of any such notices in the manner required was conclusively or even satisfactorily proved anywhere except in the sleeping-room occupied by plaintiff. No actual notice was brought home to plaintiff. Under these circumstances, defendant cannot complain that the court left it to the jury to determine from the evidence whether he had posted notices as required by the statute.

Order affirmed.