W. W. STRICKLAND v. MINNESOTA TYPE–FOUNDRY COMPANY.

June 30, 1899.

Nos. 11,703—(190).

Chattel Mortgage for Purchase Price.
    *Held*, upon the facts found by the trial court, that the chattel mortgage here in question was given to secure the purchase money.

Same—Title in Mortgagee—Action for Conversion—Allegation of Non-
    payment Unnecessary.
    A chattel mortgage vests the legal title to the property mortgaged in

the mortgagee, and he may maintain an action for its conversion, in the form of an action of trover. He is not required, in such an action, to allege nonpayment of his mortgage in his complaint.

Action in the district court for Ramsey county for conversion. The case was tried before Kelly, J., who found in favor of defendant; and from a judgment entered pursuant to the findings, plaintiff appealed. Reversed.

*Oscar Hallam,* for appellant.

Where an indebtedness is proved, payment is matter of defense. Bliss, Code Pl. § 357; Lerche v. Brasher, 104 N. Y. 157. In conversion the value of the property is prima facie the measure of damages, though plaintiff has only a special interest. Jellett v. St. Paul, M. & M. Ry. Co., 30 Minn. 265. Proof of an interest in defendant is matter of mitigation and recoupment. The rule is the same whether the action is against the mortgagor or a purchaser from him. Jones, Chat. Mort. § 444; Brooks v. Briggs, 32 Me. 447; Parish v. Wheeler, 22 N. Y. 494; Davis v. Mills, 18 Pick. 394; Smith v. Johns, 3 Gray, 517; Chamberlin v. Shaw, 18 Pick. 278; Sedgwick, Dam. 482; Hardin v. Palmerlee, 28 Minn. 450; Howard v. Barton, 28 Minn. 116. The right of recoupment is equitable. Peck v. Inlow, 38 Ky. 192. See Cushing v. Seymour, Sabin & Co., 30 Minn. 301; Hoxsie v. Empire Lumber Co., 41 Minn. 548. The same rules as to reduction by payment as matter of defense and as to burden of proof prevail in actions for conversion of notes and mortgages. Booth v. Powers, 56 N. Y. 22; Thayer v. Manley, 73 N. Y. 305; Hersey v. Walsh, 38 Minn. 521; Grigsby v. Day, 9 S. D. 585; Holt v. Van Eps, 1 Dak. 206; 4 Am. & Eng. Enc. 124.

It does, however, affirmatively appear that the note and mortgage are unpaid. Possession and production by plaintiff was prima facie evidence thereof. Mantonya v. Martin, 172 Ill. 92. Neither the mortgagee's right of possession nor his right to sue are affected by the existence of other securities, unless it be made to appear that the mortgagee has converted or received the benefit of them. Close v. Hodges, 44 Minn. 204; Huellmantel v. Vinton, 112 Mich. 47; Coughran v. Sundback, 9 S. D. 483. Plaintiff's legal title was established by the mortgage, default, and possession.

Powell v. Gagnon, 52 Minn. 232; Smith v. Konst, 50 Wis. 360. Such title and rights are presumed to continue till the contrary is shown. Lind v. Lind, 53 Minn. 48. It is immaterial that plaintiff does not demand the precise damages to which he is entitled, or mistakes the true rule, where the complaint shows a legal wrong and resulting injury. 5 Enc. Pl. & Pr. 707, 708; Weaver v. Mississippi & R. R. Boom Co., 28 Minn. 542; Colrick v. Swinburne, 105 N. Y. 503. Conversion may be proved by evidence that defendant purchased from the mortgagor and resold. Nichols & S. Co. v. Minnesota T. Mnfg. Co., 70 Minn. 528. The amendment should have been allowed. 1 Enc. Pl. & Pr. 600; Fletcher v. Forler, 83 Mich. 52; Shieffelin v. Whipple, 10 Wis. 81. Evidence of the price for which defendant sold is evidence of value. Buford v. McGetchie, 60 Iowa, 298. The mortgage was a purchase-money mortgage. Wheadon v. Mead, 72 Minn. 372; Olcott v. Tioga, 40 Barb. 179, 190. Being a purchase-money mortgage, the wife's signature was unnecessary. Barker v. Kelderhouse, 8 Minn. 178 (207). Filing the mortgage gave constructive notice. Webb, Rec. Tit. § 186; Zimpelman v. Robb, 53 Tex. 274; Le Neve v. Le Neve, 2 White & T. Lead. Cas. pt. 1, 109, 127. The filing in Wisconsin was constructive notice in Minnesota. Keenan v. Stimson, 32 Minn. 377.

*John F. Hilscher*, for respondent.

The mortgage was void as against purchasers in good faith without actual notice, because on exempt property, and the wife's signature was attested by only one witness. Sanborn & B. Ann. St. Wis. § 2313; Maier v. Davis, 57 Wis. 212; Rockwell. v. Humphrey, 57 Wis. 410. Record of a void mortgage imports no notice. Smith v. Clark, 100 Iowa, 605. The mortgage was not a purchase-money mortgage. The transaction was a loan by Strickland to Moulton. Eyster v. Hatheway, 50 Ill. 521, 525; Heuisler v. Nickum, 38 Md. 270, 279; Stansell v. Roberts, 13 Ohio, 149; Alderson v. Ames, 6 Md. 52; Small v. Stagg, 95 Ill. 39. Borrowed money being the consideration from Kimball to Strickland would continue to be the consideration for the mortgage given in substitution. Austin v. Underwood, 37 Ill. 438; Flanagan v. Cushman, 48 Tex. 241. As against third persons, a chattel mortgage lien can be preserved

only by retention of possession or by recording a properly executed and acknowledged mortgage.   Blatchford v. Boyden, 122 Ill. 657. In order to prove indebtedness, it must be alleged.   It was essential for plaintiff to prove that at the time of the alleged conversion he had a valid lien.   This he could not do in absence of allegations of facts creating such lien.   Griggs v. City of St. Paul, 9 Minn. 231 (246).   As against one claiming under the mortgagor, plaintiff's right to damages was limited to the amount due at commencement of action.   Smith v. Koust, 50 Wis. 360; Olcott v. Tioga, 40 Barb. 179; La Crosse & M. S. P. Co. v. Robertson, 13 Minn. 269 (291); Becker v. Dunham, 27 Minn. 32.

START, C. J.[1]

Action for conversion of certain personal property by the holder of a chattel mortgage thereon.

The complaint alleged that on October 9, 1889, the then owner of the property, for the purpose of securing a part of the purchase money due therefor, executed a chattel mortgage thereon, which his wife also signed, to Selah Strickland, to secure the payment to him of the sum of $800, due in one year, with interest, according to a promissory note therein described; that the mortgage was duly filed, and that on December 1, 1890, the mortgagee took possession of the property by virtue of his mortgage, and retained it until May 2, 1891, when the defendant wrongfully took and converted it to its own use; that it was then of the value of $800; and that the plaintiff has succeeded by assignment to all the rights of Strickland in the premises.   The complaint did not allege nonpayment of the mortgage.   The answer put in issue the allegations of the complaint, and alleged that the defendant purchased the property from the owner in good faith, and that it was of no greater value than $200.   The answer did not allege that the mortgage had been paid or satisfied.

On the trial the note and mortgage were received in evidence. The plaintiff then offered to prove that no part of either had ever been paid, which was excluded by the trial court on the ground that nonpayment was not alleged in the complaint.   The plaintiff then

[1] MITCHELL, J., took no part.

asked leave to amend the complaint to meet the views of the court, which was refused. The trial court made its findings of fact, and, as a conclusion, directed judgment for the defendant on the merits. It was so entered, and the plaintiff appealed.

The material facts, as found by the trial court, briefly stated, are these: On October 9, 1889, M. B. Kimball was the owner of a Potter cylinder printing press, with the other printing material described in the complaint, subject to two mortgages executed by Kimball,—one for $750 and interest, to Selah Strickland, for borrowed money; and on that day he sold the property to George D. Moulton for the agreed price of $1,500, part of which he paid in cash, and part secured as hereinafter stated.

"Moulton, as part of the consideration for the sale and delivery to him of said printing press and other printing material, and as part of the same transaction, on said October 9, 1889, at the request of said Kimball, who acted with the authority and consent of said Selah Strickland, made and delivered his promissory note for $800, bearing interest from date at 10 per cent. per annum, and payable one year from date to the order of Selah Strickland. And, to secure the same, George D. Moulton and Julia Moulton, his wife, at the same time also executed and delivered the chattel mortgage described in the complaint [on the press and materials]. That said mortgage was filed on October 10, 1889, in the office of the city clerk of the said city of Superior, Wisconsin [the city where the parties resided, and the property then was], where it has ever since remained on file."

A printing press and materials used in the business of a printer or publisher, to an amount not exceeding $1,500, are exempt from execution by the laws of Wisconsin; and no mortgage on exempt property by a married man is valid, unless signed by his wife in the presence of two subscribing witnesses. The mortgagor in this case was a married man, and the property exempt. His wife signed the mortgage, but there was only one subscribing witness. The mortgagee, by his agent, took possession of the mortgaged property in December, 1890, and on May 2, 1891, the mortgagor, Moulton, shipped the printing press to the defendant, at St. Paul. The defendant had no notice whatever of any of the foregoing facts, and no notice of the existence of the mortgage, save such as may be implied by law. The defendant received the press in ordinary course

of business, and in good faith; and thereafter, and without any other notice, in good faith bought the printing press from Moulton, and paid him therefor the sum of $350. It was not made to appear either that the mortgage had been foreclosed, or any steps thereto taken, save as here stated, or that the debt in the mortgage described, or any or what part thereof, remained unpaid. The plaintiff has, by assignment, succeeded to the rights of the mortgagee. The court did not find the value of the property.

These facts present two questions for our consideration: (a) Was the chattel mortgage given for a part of the purchase price of the property mortgaged? ' (b) Was it essential that the complaint should allege nonpayment of the note and mortgage?

The trial court held that the mortgage was given for purchase money, hence it was valid without the wife's signature. The counsel for defendant does not concede this proposition, but, on the contrary, he here insists, in support of the legal conclusion of the trial court, that the mortgage was not given for any part of the purchase price of the mortgaged property, and that it is therefore void. It is quite evident from his brief that counsel misapprehends the facts found by the trial court. The finding was not that Moulton bought the property subject to the prior mortgage of Strickland, but that the purchase price was $1,500, part of which he paid in cash, "and part secured as hereinafter found." Then the court finds as a fact that Moulton, as a part of the consideration of the sale of the property to him, gave the mortgage here in question, which is the part of the purchase price of $1,500, which was "secured as hereinafter found." The findings of the trial court, when taken together, are to the effect that the mortgage from Moulton to Strickland was given for a part of the purchase price of the mortgaged property. If Moulton had executed a mortgage to Kimball for $800, as a part of the consideration of the sale of the property to him, and Kimball had assigned the mortgage to Strickland in payment of his prior mortgage, it would be perfectly clear that the mortgage would have been, in the hands of Strickland, a purchase-money mortgage. Now, the fact that, by the agreement of the parties, the mortgage was made directly to Strickland in the first instance, does not change the character of the mortgage as one for the purchase

money, and such a mortgage we hold it to be. Wheadon v. Mead, 72 Minn. 372, 75 N. W. 598. It being a purchase-money mortgage, it was valid without the wife's signature. Barker v. Kelderhouse, 8 Minn. 178 (207).

The mortgage, although made and filed in the state of Wisconsin, where all the parties thereto resided, and where the property was situated, was constructive notice to the defendant. Keenan v. Stimson, 32 Minn. 377, 20 N. W. 364. The defendant, while practically conceding this, insists that the mortgage does not indicate on its face that it was given for the purchase price of the mortgaged property; hence, it did not import notice to purchasers that it was valid, although it covered exempt property. But it does not appear on the face of the mortgage that the property was exempt, for it does not appear from the mortgage that the press and printing material were used in the business of the mortgagor, as a printer or publisher. The mortgage being in fact and law a valid lien on the property therein described, the defendant purchased the property subject to such lien.

Was it essential in this case that the complaint should allege nonpayment of the note and mortgage?

The trial court held that it was, and on this ground ordered judgment for the defendant. A chattel mortgage vests the legal title to the property mortgaged in the mortgagee, and he may maintain an action for a conversion of it, in the form of an action of trover. Fletcher v. Neudeck, 30 Minn. 125, 14 N. W. 513; Kellogg v. Olson, 34 Minn. 103, 24 N. W. 364; Adamson v. Petersen, 35 Minn. 529, 29 N. W. 321; Jones, Chat. Mort. § 444; 4 Enc. Pl. & Pr. 513. In such a case it is not necessary for the mortgagee to allege nonpayment of his mortgage. Payment of the mortgage debt in whole or in part is a matter of defense. Jones, Chat. Mort. § 444; Brooks v. Briggs, 32 Me. 447. Counsel for the defendant concedes this general rule, and admits that it would be applicable to this action if it was against the mortgagor or a stranger who never had any right to the property; but he insists that it does not apply to the defendant, a purchaser from the mortgagor, who never promised to pay the mortgage debt, and who could have no knowledge as to whether the mortgage debt was paid or not. This may be a good reason

why the burden of proving nonpayment should be cast upon the plaintiff after the defendant had made proof that he was a bona fide purchaser of the property, without notice in fact of the mortgage, but it has nothing to do with the question whether the complaint states a cause of action. It is a question of evidence, not of pleading.

It is true that in an action by the mortgagee for a conversion of the chattels, against the mortgagor or those claiming under him, the recovery is limited to the amount due on the mortgage, not exceeding the value of the property. Becker v. Dunham, 27 Minn. 32, 6 N. W. 406. If, however, the action is against a stranger, the mortgagee may recover the full value of the property. Adamson v. Petersen, supra. Or, in other words, the measure of damages in such a case is prima facie the value of the property at the time of the conversion; but, when it is made to appear that the defendant claims under the mortgagor, the recovery will be limited to the amount due on the mortgage, not exceeding the value of the property. It does not appear from the complaint what the relations of the defendant to the property were. The plaintiff was not presumed to know, and he alleged a conversion of the property, and its value at the time of the conversion.

The trial court, on a motion by the defendant for judgment on the pleadings, on the ground that the complaint did not allege nonpayment of the mortgage, held the complaint good because it proceeded on the theory that the defendant never had any interest in the property; but, when it appeared on the trial that the defendant was a purchaser from the mortgagor, the court refused to permit the plaintiff to show the amount due on the mortgage, because nonpayment was not alleged in the complaint, denied plaintiff's application to amend, and made the finding to the effect that it was not made to appear that the mortgage debt, or any or what part thereof, remained unpaid, and based the conclusion that the defendant was entitled to judgment on such finding. The complaint stated a cause of action when the trial commenced, and the fact that it was developed on the trial that proof of the amount due on the mortgage was necessary in order to assess the damages on an equitable basis could not affect the question of the sufficiency of the complaint.

The evidence as to how much was due on the mortgage was in mitigation of damages, and logically the burden was on the defendant to offer such evidence; but, were it otherwise, it is clear that it was not the fault of plaintiff's counsel that such proof was not made.    He offered to make the proof, and, when it was refused on the ground that nonpayment should have been alleged in the complaint, he asked to so amend the complaint.    The complaint was sufficient, and assuming, without so deciding, that the burden of proving nonpayment of the mortgage was on the plaintiff, the trial court erred in refusing to receive the offered proof.

The court also erred in directing judgment on the facts found for the defendant, for the answer admitted that the value of the property was $200, and prima facie the plaintiff was entitled to recover this amount on the facts found.

Judgment reversed, and a new trial granted.