## GRAND RAPIDS AND INDIANA RAILWAY COMPANY *v.* RESUR.

### [No. 23,289.   Filed October 11, 1917.]

1. BAILMENT.—*Interest of Bailee.*—*Damage to Property.*—*Right to Sue.*—A bailee of personal property has such a qualified ownership as will give him a right to recover for its loss or damage as against one who has wrongfully dispossessed him of the property or destroyed it.  p. 564.

2. BAILMENT.—*Injury to Property by Third Person.*—*Right to Sue.*—Where a horse placed by the owner in the possession of another was killed upon a railroad crossing, either the owner or the bailee might recover, but not both, or the owner could sue both the bailee and the railroad company as joint tort-feasors, or he could bring the action against either.  p. 564.

3. RAILROADS.—*Damage to Property.*—*Action.*—*Jury Question.* —*Contributory Negligence.*—Where a horse was killed by being driven over a railway crossing, and the circumstances were such that reasonable minds might differ as to whether the driver exercised such care as a person of reasonable prudence would have used under like conditions, the question of contributory negligence was one of fact for the jury.  p. 565.

4. APPEAL.—*Verdict.*—*Conclusiveness.*—Where there is some evidence to support the conclusion reached by the jury, the verdict cannot be disturbed on appeal.  p. 565.

From Jay Circuit Court; *James J. Moran,* Special Judge.

Action by George Resur against the Grand Rapids and Indiana Railway Company.   From a judgment for plaintiff, the defendant appeals.   (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.)   *Affirmed.*

*Roscoe D. Wheat,* for appellant.

*James R. Fleming* and *Malcolm V. Skinner,* for appellee.

LAIRY, J.—Appellee recovered a judgment against appellant for damages occasioned by the killing of his horse by one of appellant's trains at a railway crossing.

It appears by the pleadings and proof that at the time the horse was killed it was in the possession of a man named Pyle, in whose hands it had been placed by the owner for the purpose of being broken, and that Pyle was driving it with another horse, both hitched to a farm wagon.

Appellant asserts that Pyle, being in the possession of the horse at the time it was injured, was the owner in such a sense as to require that he should bring the action or that he should at least have been made a party. This question was presented by a demurrer to the complaint for a defect of parties defendant, by a motion for judgment on the interrogatories notwithstanding the general verdict, and also by the motion for a new trial on the ground that the verdict was not sustained by the evidence.

It is no doubt true that a bailee of personal property is deemed to have such a qualified ownership as will give him a right to recover for its loss or damage as against one who has wrongfully dispossessed him of the property or destroyed it. *New York, etc., R. Co.* v. *Auer* (1885), 106 Ind. 219, 6 N. E. 330, 55 Am. Rep. 734; *Chamberlain* v. *West* (1887), 37 Minn. 54, 55, 33 N. W. 114; *Baggett* v. *McCormack* (1895), 73 Miss. 552, 19 South. 89, 55 Am. St. 554; *Union Pacific R. Co.* v. *Meyer* (1906), 76 Neb. 549, 107 N. W. 793, 14 Ann. Cases 634, and note. This rule, however, does not preclude the owner in a proper case from bringing an action in his own name. Either might recover, but not both. In this case the owner might have brought an action against the bailee and the railroad company alleging negligence on the part of both and seeking to hold both as joint tort-feasors. Where an injury results from the joint wrong or negligence of two or more parties the injured person may elect to sue one or all. In this

case appellee elected to sue the railway alone upon the theory that 'the damage resulted solely from its negligence. The demurrer on the ground of a defect of parties defendant was properly overruled, the answers to the interrogatories are not in conflict with the general verdict, and the evidence cannot be regarded as insufficient because it shows that the horse was owned by appellant and injured while in the possession of Pyle.

A demurrer for want of facts sufficient to constitute a cause of action was filed together with a memorandum. The objections raised under this demurrer have been fully considered and the court is of the opinion that none of such objections are well taken.

It is asserted that the evidence shows that appellant's bailee in charge of the horse was guilty of contributory negligence as a matter of law in driving the horse upon the railway crossing. In view of the obstructions and other conditions about the crossing, and in view of the conduct of the driver as disclosed by evidence, the court is of the opinion that reasonable minds might differ as to whether or not the driver exercised such care as a person of reasonable prudence would have used under like conditions and circumstances. In such a case contributory negligence is a question of fact for the jury and not a matter of law for the court. The jury having determined this question of fact adversely to appellant and there being some evidence to support the conclusion reached, the verdict cannot be disturbed.

No reversible error is shown. Judgment affirmed.

NOTE.—Reported in 117 N. E. 259. See under (1) 14 Ann. Cas. 635; Ann. Cas. 1912D 79.