DEICKMAN, Plaintiff in Error, v. McCORMICK, Defendant in Error.

1. A petition alleged that the plaintiff and defendant " jointly leased" certain premises of one A., and that the defendant collected the rents and failed to account to plaintiff for his share, one-half, of said rents. Upon the trial plaintiff offered in evidence a lease of said premises from a third person to said A. and an *assignment* by A. to plaintiff and defendant. *Held,* that this was a variance, and that the court might properly refuse to receive the *assignment* in evidence unless the plaintiff would amend his petition so as to correspond with the proof.

*Error to St. Louis Law Commissioner's Court.*

*Woods* and *Buckner*, for plaintiff in error.
*L. M. Shreve*, for defendant in error.

Ryland, Judge, delivered the opinion of the court.

The plaintiff states in his petition that defendant and himself *jointly leased* of Hunter and Burrows a certain lot in the city of St. Louis, which he describes in his petition ; and that defendant collected the rents, one-half of which were due plaintiff ;

and that defendant refused to pay the same to plaintiff, although often requested. The answer of defendant denies that the plaintiff and defendant jointly leased of Hunter and Burrows a lot of ground described in plaintiff's petition, and denies that plaintiff's interest is one-half of the rents and profits of the property described in said petition; denies that half of the rent is one hundred and fifty dollars. Defendant says that he has never received any rents and profits of property leased from Hunter and Burrows; but says he has received rents, but not from that source referred to, of which plaintiff is entitled to the sum of $116 67; but that he has laid out and expended about said property, for which plaintiff is liable, the sum of $174 90, leaving a balance due defendant of fifty-eight dollars and twenty-two and a half cents; and files an account as an exhibit showing the particulars of the set-off.

The plaintiff replied denying the justice and correctness of the defendant's set-off. At the trial the plaintiff offered a lease from John Biddle to Thomas Hunter, and an assignment or sale of the lease by Hunter to the plaintiff and defendant. The lease may be for part of the same lot described in plaintiff's petition. The lot mentioned in the lease is said to be thirty-two feet seven inches front on Sixth street. The lot in the petition is stated to be thirty-seven and a half feet front on Sixth street; the other boundaries agree.

The defendant objected to the lease and also to the assignment being given in evidence. The court permitted the lease to be read to the jury, but sustained the objection to the assignment, and excluded it upon the ground that said assignment was not relevant to any issue in the case. The court then informed the plaintiff's counsel that he was at liberty amend his petition so as to correspond with the proof offered, to-wit, the assignment of said lease, which he refused to do, but excepted to the ruling of the court in excluding said testimony.

The plaintiff then introduced Mr. Hunter as a witness, and asked him if he and one Burrows did not lease the property,

mentioned and described in the lease, to the plaintiff and defendant. He answered, " No, we did not lease it to them; we sold the lease to them; the sale was in writing." The witness identified the assignment offered in evidence as the sale to which he referred. The court refused to permit the witness to testify concerning the contents of the assignment, to which the plaintiff at the time excepted. The witness further testified that the possession of the premises described in the lease was delivered to the parties. The plaintiff then introduced Mrs. Kelly, and offered to prove by her that she had paid rent to the defendant for the premises mentioned in the petition and within the time mentioned therein, but the court refused to permit such evidence unless the plaintiff would amend his petition in the particular above mentioned; plaintiff refused so to amend, and the court refused to proceed further with the trial, and the plaintiff took a non-suit. He afterwards moved to set the non-suit aside, which being overruled, he excepted, and brings the case here by writ of error.

According to the plaintiff's own statement, he should have amended his petition. He averred that he and defendant jointly leased a lot of ground, and that defendant had received rent for the lot, half which belonged to plaintiff. The defendant denied this statement. The proof showed that the plaintiff and defendant had jointly bought a lease of a lot of ground; had not leased it, but had bought the lease or term of Hunter. Here was a variance. In Beck v. Ferrara, 19 Mo. 30, the petition stated that defendant was indebted to plaintiff for stall No. 20 in the North Market, which was purchased by the plaintiff from a third party for defendant at his special instance and request. The proof was that the plaintiff bought the stall for himself and afterwards sold it to defendant. This was held to be an entire failure of proof of the cause of action alleged in the petition, and not a mere variance. Now in the case before us the plaintiff has misdescribed his title. He attempts to set forth his title, and by that title to show his right to demand so

Deickman v. McCormick.

much of defendant. Defendant denies his right. The plaintiff fails to prove it as declared on, and when he is permitted and even advised by the court to amend, which could have been done in a few minutes, he refuses to do so, and seeks his redress by his writ of error. We will not encourage such obstinacy. He ought to have embraced the opportunity to amend when offered, and not have come here for redress. He had it in his own hand below, but being determined to pursue his own way he must abide by the consequences. He now says before us that this is all surplusage—all immaterial, and could be stricken out, and still leave his cause of action. We do not agree with the plaintiff in this particular. His right of action depends upon his right to the rent, and he must show some right to the lot or to its possession—some title or claim to the rent, before he can sue for it. The plaintiff sets forth his right to claim rent. He says he was a joint lessee with defendant of the lot from Hunter and Burrows ; instead of being a lessee, he offers to show himself a joint purchaser of the lease which Hunter had from Biddle. Now it is necessary to show that he had some title or right to the possession of the premises with the defendant, or he could not in law demand of the defendant his portion of the rent. He must show title in some way to the money arising as rent. He does offer to show a purchase, when he only sets forth a lease. His proof varies, and the remedy was to amend. He has a cause of action, but not in the manner set forth by him. The variance is technical, yet being a variance, the testimony was properly rejected. His description of his tenure was different from his proof. He would not amend. He was properly nonsuited. The idea of proving his title by Hunter, after Hunter's stating he had sold his lease, and assigned it in writing, identifying the assignment which had been rejected by the court, by stating the contents of the assignment, was preposterous to say the least of it. Mrs. Kelly's evidence would have been proper if he had shown his right to demand the rent of the defendant for the lot. Upon the whole record there is nothing requiring us to reverse the judgment be-

low. The plaintiff's own conduct has placed him out of court and there we will leave him. The judgment is affirmed; Judge Scott concurring.*