OTTO A. BENSON *vs.* ERNEST DEAN.

May 8, 1889.

**Action for Goods Sold — Proof of Sale to Third Person, etc. — Variance.**—In an action to recover the value of goods alleged to have been sold by plaintiff to defendant, proof only of a sale by plaintiff to a third party, and of a subsequent contract between such third party and the defendant, whereby the latter agreed to pay to the plaintiff the original price of the goods sold, presents a case of fatal variance.

Appeal by defendant from an order of the district court for Hennepin county, *Rea, J.,* presiding, refusing a new trial.

*Merrick & Merrick,* for appellant.

*Little & Nunn,* for respondent.

DICKINSON, J.[1] This action is for the recovery of the value of a quantity of brick, alleged in the complaint to have been sold by the plaintiff to the defendant. The answer denied the sale. It appeared upon the trial that the plaintiff sold and delivered the brick to one Anderberg, who commenced using them in the construction of a building upon land which this defendant, Dean, had contracted to sell to an association of persons with whom Anderberg was connected. It appears that the contract for the sale of the land was afterwards rescinded. Dean resumed possession of the land, and used the brick, or some part of them, in the further work of constructing the building, having agreed with Anderberg, as the evidence tended to show, that he (Dean) would pay Benson for them. The testimony on the part of the defendant denied this agreement.

The court submitted the case to the jury upon the theory that if Dean, in consideration of being allowed by Anderberg to use the brick, promised the latter to pay Benson for them, Benson should recover in this action. The jury were so instructed, and they were also instructed that that was the only question in the case. The defendant excepted to this. From the course pursued at the trial the defendant cannot be deemed to have consented to a trial of the case upon

[1] Gilfillan, C. J., took no part in the decision of this case.

any other issue than that presented in the pleadings. The variance between the case as thus submitted to the jury and the issue made by the pleadings is obvious, and is, as we consider, such as cannot be disregarded. The complaint seeks a recovery upon a contract of sale made between the plaintiff and the defendant. The recovery must be regarded as founded upon a wholly different contract, made between different parties,—the defendant and a third person, Anderberg, who had purchased and acquired title to the property from the plaintiff,—by the terms of which the defendant agreed with the third party to pay to the plaintiff the unpaid price of the property.

Order reversed.