# T. A. DENNIS *vs.* SAMUEL SPENCER.

## January 16, 1891.

**Complaint for Goods Sold—Proof of Contract between Defendant and Another—Variance.**—Under an allegation of a contract between the plaintiff and defendant, proof of a contract made between the defendant and another party, and assigned by the latter to the plaintiff, is not an immaterial variance, but a failure of proof.

**Practice—Directing Verdict.**—Upon conflicting evidence, *held,* that it was error to direct a verdict.

Appeal by defendant from an order of the district court for Meeker county, *Powers,* J., presiding, refusing a new trial after a verdict of $4,070.50 directed for plaintiff.

J. V. V. *Lewis* and G. M. *Nelson*, for appellant.

E. P. *Peterson* and R. H. *McClelland*, for respondent.

DICKINSON, J.   This action is for the recovery of the price of a large number of cattle, which, as was alleged in the complaint, the plaintiff sold and delivered to the defendant for the agreed price sought to be recovered.   No other facts to sustain a recovery were alleged in the complaint.   In the answer it was denied that the plaintiff sold the property to the defendant, and it was alleged that the latter never entered into any contract with the plaintiff relating to the subject. At the trial it appeared by the evidence on both sides that, on the 16th day of April, a son of the plaintiff, one Eben Dennis, a man of adult years, executed with the defendant a written contract, by the terms of which the former agreed to sell and deliver to the latter 500 head of cattle for a stipulated price.   The plaintiff introduced evidence showing an assignment of this contract from his son to himself, and that he performed it on the part of the seller by purchasing cattle for that purpose, and by delivering them to the defendant in accordance with the requirements of the contract.   The plaintiff testified that he delivered the cattle "under this contract."   His testimony further tended to show that before the contract was assigned to him the defendant had asked him to purchase cattle and perform the agreement which his son had made, but this was denied in the testimony of the defendant.   The defendant admits receiving the cattle, but not that the plaintiff delivered them; and, opposing the right of the plaintiff to recover in this action, he seasonably availed himself, at the trial, of the objection that a recovery could not be had upon the contract between Eben Dennis and the defendant, for the reason that no such ground of recovery was set forth in the complaint.   The court directed a verdict for the plaintiff.

This was error.   The recovery thus directed cannot be sustained merely upon the contract made between Eben Dennis and the defendant, and subsequently assigned to the plaintiff, for the reason that no such contract was pleaded; and the proof of it, as a ground of recovery, would be a fatal variance.   The complaint, in legal effect, alleged the contract upon which a recovery was sought, to have been made between the plaintiff and the defendant.   If no such contract

be shown, but only a contract between the defendant and a third person, which the latter had assigned to the plaintiff, that would not be such a variance as, under our statute, should be disregarded. It falls rather within the terms of Gen. St. 1878, *c.* 66, § 122, which reads: "When, however, the allegation of the cause of action or defence to which the proof is directed is unproved, not in some particulars only, but in its entire scope and meaning, it is not to be deemed a case of variance, within the last two sections, but a failure of proof." *Benson* v. *Dean*, 40 Minn. 445, (42 N. W. Rep. 207;) *Southwick* v. *First Nat. Bank*, 84 N. Y. 420, 428; *Deickman* v. *McCormick*, 24 Mo. 596. If the recovery is sought to be sustained upon the evidence, to which we have referred, of a direct request by the defendant that the plaintiff should secure and deliver the cattle, it is to be said that the facts, as presented in the case of the plaintiff, are denied by the evidence on the part of the defendant, and the court should not have directed a verdict for the plaintiff.

Order reversed, and new trial granted.