## J. C. Brown *vs.* Minnie Shaw.

Argued Oct. 19, 1892.   Decided Nov. 11, 1892.

**Conversion—Defense—Title in Third Person.**

In an action for conversion, title in a third person is no defense, unless the defendant can in some manner connect himself with such person, and claim under him.

**Verdict Justified by Evidence.**

The evidence herein justified the verdict of the jury.

Appeal by defendant, Minnie Shaw, from an order of the District Court of Ramsey County, *Brill,* J., made April 18, 1892, refusing a new trial.

This action was brought by the plaintiff, J. C. Brown, against the defendant, to recover the sum of $1,800, alleged to have been intrusted to her on September 21, 1889, by plaintiff for safe keeping and to have been converted by her to her own use. The answer denied that the money was ever intrusted to defendant or that she had converted the same. On the trial, the plaintiff testified that the money belonged to him and his wife jointly; that on their coming to St. Paul he handed it to Mrs. Shaw, the defendant, with the understanding that she should keep it safely for him until the next day, but that she had ever since refused to pay it over to him. A motion to dismiss was made at the close of plaintiff's case, on the ground that the evidence showed that the money belonged to plaintiff and his wife jointly. The motion was denied. The defendant testified that plaintiff handed the money to his wife, a sister of defendant, who had used it in the purchase of furniture, and that she,

defendant, had never received any of it. The plaintiff had a verdict for the entire sum and interest, a motion for a new trial was denied, and defendant appeals.

*John W. White,* and *C. D. & Thos. D. O'Brien,* for appellant.

In conversion, defendant may show title in a third party, and disprove plaintiff's title. *Kennedy* v. *Strong,* 14 Johns. 127; *Rotan* v. *Fletcher,* 15 Johns. 207; *Chandler* v. *Spear,* 22 Vt. 388; Pollock, Torts, § 289.

*H. C. McCarbey,* for respondent.

Even if plaintiff was not the owner of the money, he was in possession, and was the one who intrusted it to defendant. He is therefore entitled to recover it. *Cremer* v. *Wimmer,* 40 Minn. 511.

But the authorities are overwhelming, that in an action for conversion, brought by one having rightful possession, the defendant cannot defend by proving title in a third person, without connecting himself with such person, or claiming under him. *Wheeler* v. *Lawson,* 103 N. Y. 40; *Harker* v. *Dement,* 9 Gill, 9; *Steel* v. *Schricker,* 55 Wis. 134.

COLLINS, J. The ruling of the trial court upon defendant's motion to dismiss, when plaintiff rested his case, was right for several reasons,—one being that in actions for torts in the taking or conversion of personal property against a stranger to the title, as defendant was in this case, a bailee, mortgagee, or other special property man, is entitled to recover full value. A mere depositary or gratuitous bailee may maintain an action for conversion. *Chamberlain* v. *West,* 37 Minn. 54, (33 N. W. Rep. 114,) and cases cited. See, also, *Benjamin* v. *Levy,* 39 Minn. 11, (38 N. W. Rep. 702;) *Laing* v. *Nelson,* 41 Minn. 521, (43 N. W. Rep. 476.)

On these cases alone we would be justified in saying that, in an action for conversion, title in a third person is no defense, unless the defendant can in some manner connect himself with such person, and claim under him; but authority elsewhere in support of this proposition is abundant. *Harker* v. *Dement,* 9 Gill, 9; *Duncan*

v. *Spear*, 11 Wend. 54; *Hoffman* v. *Carow*, 22 Wend. 285; *Wheeler* v. *Lawson*, 103 N. Y. 40, (8 N. E. Rep. 360;) *Lowremore* v. *Berry*, 19 Ala. 130; *Weymouth* v. *Chicago & N. W. Ry. Co.*, 17 Wis. 550; *Steele* v. *Schricker*, 55 Wis. 134, (12 N. W. Rep. 396;) *Armory* v. *Delamirie*, 1 Strange, 505; *Jeffries* v. *Great Western Ry. Co.*, 34 Eng. Law & Eq. 122.

It is urged that the verdict was not justified by the evidence. As to the main facts of the controversy, there was a sharp conflict in the testimony and between the witnesses. The value and weight of the former, and the credibility of the latter, were for the jury to pass upon, and were determined in plaintiff's favor.

Order affirmed.

(Opinion published 53 N. W. Rep. 633.)