H. PARKS v. DAVID FOGLEMAN.[1]

January 19, 1906.

Nos. 14,563—(39).

**Action by Agent.**

If an agent by mistake pays to a third party money in his possession belonging to his principal, he may maintain in his own name an action for money had and received to recover it back.

Action in the district court for Stevens county to recover $100 for money had and received. The case was tried before Flaherty, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order granting a motion for a new trial, plaintiff appealed. Reversed and judgment ordered upon the verdict.

*R. A. Stone* and *C. B. Randall,* for appellant.

*Smith & Beise,* for respondent.

START, C. J.

Action to recover money paid to defendant for plaintiff's use. The complaint alleged that the plaintiff on July 14, 1904, paid to the defendant $100, to the use and account of plaintiff; that he duly demanded of

[1] Reported in 105 N. W. 560.

the defendant its repayment, which was refused. The answer was a general denial. The evidence on the part of the plaintiff was sufficient to establish these facts: On July 14, 1904, the plaintiff was the agent of the Monarch Elevator Company in charge of their grain elevator at Cyrus, this state; that he had in his possession and control money belonging to the elevator company, and was authorized to purchase wheat and pay for it out of such money; that he purchased a quantity of wheat of the defendant, and by mistake overpaid him in the sum of $100; and, further, that on the same day he discovered the mistake and demanded from the defendant the return of the $100, which was refused. The evidence on the part of the defendant tended to show that he was not overpaid in any amount for his wheat. The jury returned a verdict for the plaintiff for the $100 and interest. Thereupon the defendant made a motion to set aside the verdict and for a new trial, which the court granted, and the plaintiff appealed from the order.

There is nothing in the record to indicate that the motion was granted upon the ground that the verdict was not justified by the evidence; hence it must be assumed that a new trial was granted on the ground of alleged errors of law occurring at the trial. The alleged errors relied upon by the defendant are to the effect that the trial court erred in denying his motion to dismiss the action, and, further, in not instructing the jury to return a verdict for the defendant for the reason that the evidence on the part of the plaintiff did not tend to prove the cause of action alleged in the complaint, but, on the contrary, the evidence proved a cause of action in favor of a third party, the elevator company; or, in other words, that there was a fatal variance between the allegations of the complaint and the proof.

The case of Dennis v. Spencer, 45 Minn. 250, 47 N. W. 795, is cited in support of this contention. In that case the complaint alleged as the subject-matter of the action a contract made between plaintiff and defendant. There was no evidence to prove such contract, but the evidence did tend to prove a contract between the defendant and a third party which had been assigned to the plaintiff. It was held that this was not a variance, but a failure of proof. The case, then, is not here in point, if the evidence in this case tended to prove the alleged cause

of action in favor of the plaintiff. The question here to be decided is whether an agent, having in his possession and control the money of his principal, may maintain an action in his own name to recover it, if a stranger, having no interest therein, obtains it from the agent by mistake or fraud or trespass. It is clear that, if the defendant in this case had taken the money from the possession of plaintiff under circumstances constituting an actual conversion, the plaintiff could have re-covered in his own right and name from the defendant the money he took from the plaintiff's possession. Laing v. Nelson, 41 Minn. 521, 43 N. W. 476; Brown v. Shaw, 51 Minn. 266, 53 N. W. 633.

In principle there can be no difference between such a case and this one, for here the money was in the possession of the plaintiff, and he was accountable for it to his principal; for he was not authorized to pay it to any one without receiving an equivalent in wheat therefor, but the defendant, having no right to the money, obtained it by mistake from plaintiff's possession and refused to return it on demand, or, in other words, he converted it to his own use. The plaintiff's cause of action in his own right was then complete, for he had a special prop-erty in the money by reason of his possession and the fact that he was liable primarily for it to the general owner thereof, who was not bound to pursue the defendant. Therefore the plaintiff had no other way of indemnifying himself against loss by reason of the mistake, except to get the money back into his possession; and, the defendant having refused on demand to return it to the plaintiff's possession, the plain-tiff could recover the money in an action for conversion, or waive the tort and recover it in an action for money had and received to the use of the plaintiff.

Counsel for the defendant urges that, even if it be conceded that an agent may maintain an action to recover the money of his principal which he has paid to a third party by mistake, the plaintiff should have pleaded his agency in the complaint. This was not necessary, for the plaintiff does not seek to recover the money either in the name or right of his principal, but, as already stated, in his own right. The case of Kent v. Bornstein, 12 Allen, 342, is directly in point. In that case the plaintiff had in his possession money of his principal, and at the request of a third party he gave him smaller bills in his pos-

session, which were a part of the money of his principal, in exchange for a $50 bill which proved to be counterfeit. The agent in his own name brought an action against the third party to recover back the sum of $50 so paid. The defendant contended that the agent had no such interest in the subject of the suit as to entitle him to maintain the action. The court held otherwise, and said: "It is clear that the plaintiff exceeded his authority in exchanging the smaller bills in his possession for one of the denomination of $50, and he is liable to his employer for the loss occasioned by his unauthorized act. * * * It cannot, therefore, be said that the plaintiff has no beneficial interest in the cause of action on which this suit is brought. On the contrary, it plainly appears that his right to recover in this action is the only mode in which he can indemnify himself against the rightful claim of his employer for the loss caused by his abuse of the authority entrusted in him."

We hold, upon principle and authority, that, if an agent by mistake pays to a third party money in his possession belonging to his principal, he may maintain an action in his own name to recover it back. 1 Am. & Eng. Enc. (2d Ed.) 1166; Story, Ag. § 398; Mechem, Ag. § 761. It follows that the evidence on behalf of the plaintiff tended directly to establish the cause of action alleged in the complaint, that there was neither a variance nor failure of proof, and that the trial court erred in setting the verdict aside and in granting a new trial.

Therefore it is ordered that the order appealed from be reversed, and the case remanded to the district court, with direction to cause judgment to be entered upon the verdict.