[No. 14937.  Department Two.  November 19, 1918.]

## Bank of California National Association, *Respondent*, v. Mortgage Company, Holland-America, *Appellant*.[1]

Principal and Agent (69) — Rights as to Third Parties — Actions—By Agent.  A bank paying money as agent under a mistake of fact and contrary to the strict directions of its principal, may sue to recover it back.

Money Received (6)—Persons Liable.  Defendant is liable for money had and received where, by altering the receipt, he obtained possession from a bank messenger of money conditionally tendered, and refused to perform the conditions.

Tender (7)—Conditions.  A conditional tender must be strictly followed or entirely refused.

Appeal from a judgment of the superior court for King county, Smith, J., entered March 4, 1918, upon findings in favor of the plaintiff, in an action for money had and received, tried to the court.  Affirmed.

*Ernest B. Herald,* for appellant.
*Kerr & McCord,* for respondent.

Holcomb, J.—This cause of action originated out of a transaction between the appellant and McPherson Brothers Company.  In 1915, McPherson Brothers Company negotiated with appellant for a building loan of $2,300, evidenced by three promissory notes, one for $1,300 and two for $500 each, dated November 5, 1915, and agreed that the first of the $500 notes was due November 1, 1916, and that the interest on all the notes was payable semi-annually on the first days of May and November, respectively.  These notes were secured by a mortgage, and executed prior

[1]Reported in 175 Pac. 956.

to the payment of the money by appellant to a broker alleged to have been representing McPherson Brothers Company. This broker retained the difference between $2,300 and $2,146.41 as commission. McPherson Brothers Company contended that it was not chargeable with a brokerage commission, and assumed the position that it had received but $2,146.41 from appellant, while appellant contended that it had paid the entire $2,300 to McPherson Brothers Company, or on its account, and that therefore the true amount of indebtedness was $2,300 as evidenced by the notes. When the first installment of interest became due, McPherson Brothers Company remitted only a sufficient amount to cover interest at the agreed rate on the principal sum of $2,146.41. A great deal of correspondence regarding the dispute had been had between appellant and McPherson Brothers Company prior to November 1, 1916, the date of the second installment of interest and the maturity of the first of the $500 notes.

The foregoing events had transpired unknown to the respondent, and on or about November 1, 1916, it received by mail the following letters:

"First National Bank.

"Brewster, Washington, October 30th, 1916.

"Bank of California, N. A.

"Seattle, Wash.

"Gentlemen: Enclosed herewith please find our draft to your order in the sum of $585.75, together with a letter of instructions from one of our customers, Peter McPherson. Will you kindly look after the matter there for us. You may retain this letter if you wish, as we have a copy for our files.

"Thanking you for your services in this matter,

"Yours very truly,

"E. D. Clapp, Asst. Cashier."

"Brewster, Wash., Oct. 30, 1916.
"First National Bank of Brewster,
          "Brewster, Washington.
  "Gentlemen: Enclosed herewith we hand you our
check for $585.75, which sum we will ask you to pay to
Mortgage Co. Holland-America, 402 Hoge Bldg., Se-
attle, Wash., subject to the following conditions: $500
of which is to be applied on the principal on a loan
made by that Co. to us for $2,146.41. The $85.75 is
to pay the second installment of interest on said note
due Nov. 1st, 1916. Said Mortgage Co. shall deliver
to you two coupon interest notes, one due May 1st,
1916, which interest you paid for us on said last named
date; also, one coupon interest note due Nov. 1st,
1916, for which you will pay them $85.75. If, how-
ever, said Mortgage Co. refuses to deliver to you the
two coupon interest notes above mentioned, and en-
dorse on the principal note the $500 payment you
make them, on such refusal, you shall retain until fur-
ther notice from us, the full amount represented by
this check, subject to the demand of said Mortgage
Co. on compliance with the conditions above men-
tioned to wit: the delivery to you for us the two cou-
pon interest notes above mentioned, and proper ac-
knowledgment of the payment of the $500 on said
principal note.          Yours truly,
                    "McPherson Bros. Co.
                    "By Peter McPherson."

  Respondent prepared and addressed a letter to ap-
pellant, accompanied by a form of receipt to be signed
and executed by appellant, which are as follows:

  "The Bank of California, National Association.
          "Seattle, Washington, November 1st, 1916.
"Mortgage Co. Holland-America,
    "402 Hoge Building,
          "Seattle, Washington.
  "Dear Sirs: At the request of the First National
Bank, Brewster, we enclose herewith our manager's
check for $585.75, together with receipts in duplicate.
  "Of this amount, $500 is to be applied on the prin-

cipal of the McPherson Bros. Co. loan for $2,146.41. The $85.75 is to be the second installment of interest of the said note, due November 1st, 1916.

"Please deliver to the bearer two coupon interest notes, one due May 1st, 1916, which interest was paid on that date, also interest coupon due November 1st.

"Please deliver the receipts to the bearer.

"Yours very truly,
"The Bank of California, N. A.
"L. T. Macklem, Manager."

"Seattle, Wash.
"Received of the Bank of California,
"National Association,
"Seattle, Washington.

"Five hundred eighty-five & 75-100s dollars as per mail order of First National Bank, Brewster, for account of McPherson Bros. Co., $500 applied on principal note $2,146.41, $85.75 payment interest due November 1st, 1916.

"Dated October 30, 1916.

"$585.75."

The foregoing letter, check and receipt were delivered to appellant by respondent's bank messenger. The appellant's representative took the receipt tendered by the respondent's messenger, changed the $2,146.41 to $2,300, and inserted after $85.75 the words "to apply on," and after payment inserted the word "of," so that the latter part of the receipt read $500, applied on principal note of *$2,300,* $85.75 *to apply on* payment *of* interest due November 1st, 1916. He retained the check and delivered the altered receipt and the $500 note due to the messenger, but neglected to deliver the interest coupons to the messenger as directed in respondent's letter. Upon the return of the messenger to the bank with the receipt in its altered form, respondent telephoned appellant and was informed by it that the matter had been adjusted with

McPherson Brothers Company, that appellant had correspondence to show that fact, and that therefore the alteration was all right. Respondent, relying on the representation, transmitted the receipt and note to the First National Bank of Brewster. On or about November 6, 1916, respondent received the return of the note and receipt as not satisfactory and not as tendered, and requested that they be returned to appellant and that $585.75, the amount paid as a conditional tender, be returned. The respondent took the matter up with appellant in an endeavor to have appellant return the money to respondent, offering in return to restore the note and altered receipt to appellant, without effect. Counsel for respondent also called on the appellant's representative with a view of getting matters amicably adjusted. On January 13, 1917, the First National Bank of Brewster demanded of respondent the return of the $585.75, unless the receipt be executed as outlined in the instructions sent with the draft on October 30, 1916.

The rights of appellant and McPherson Brothers Company are not at issue in this action. So far as the rights of appellant and respondent are concerned, the facts are that respondent tendered to appellant a conditional payment to be accepted upon the conditions or to be declined absolutely. Appellant demurred to the plaintiff's complaint upon the grounds that the respondent was not the proper party plaintiff and that it did not state facts sufficient to constitute a cause of action.

Where an agent pays money for his principal, under a mistake of fact and contrary to the directions of his principal, to a third person who has no right thereto and who wrongfully induces or contributes to the act of the agent, the agent may maintain an action

for its recovery. *Laing v. Nelson*, 41 Minn. 521, 43 N. W. 476; *Brown v. Shaw*, 51 Minn. 266, 53 N. W. 633; *Parks v. Fogleman*, 97 Minn. 157, 105 N. W. 560, 114 Am. St. 703, 4 L. R. A. (N. S.) 363.

It is clear that defendant obtained the money from the possession of plaintiff's messenger and retained it without right, by the alteration of the receipt. The alteration in the receipt and the appropriation of the money may have caused but a small amount of damage to the plaintiff's principal, but that does not matter. A conditional tender must be strictly followed if accepted, or entirely refused. Respondent, as agent, was, and is, liable to account to its principal for the whole sum intrusted to it. The whole sum intrusted to it belonged to appellant if it accepted the offer as made, and to the principal if not. The demurrer was properly overruled.

The other assignments of error are without merit. The judgment is affirmed.

MAIN, C. J., MOUNT, and PARKER, JJ., concur.