DESTILERÍA SERRALLÉS, INC., Plaintiff and Appellee, *v.* RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Defendant and Appellant.

No. 9322.   Argued November 7, 1946.—Decided November 15, 1946.

*Luis Negrón Fernández, Acting Attorney General (E. Campos del Toro, Attorney General,* on the brief), and *Carlos Santana Becerra, Assistant Attorney General,* for appellant.   *Vicente Zayas Pizarro* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

Section 34 of the Organic Act provides that "No act of the legislature . . . shall take effect until ninety days after its passage . . .". 48 U.S.C.A. 9827. The question to be decided here is whether in calculating the ninety days the date of passage is included or excluded.

On May 12, 1942, the tax on 100° proof distilled spirits was increased from $1.20 to $2.00 per gallon. Section 2, Act No. 234, Laws of Puerto Rico, 1942 (p. 1332). The Treasurer contends that the increased rate was already in effect on August 10, 1942, when agents of Destilería Serrallés, Inc. and the Treasury, for purposes of paying the tax, measured 11,317.54 gallons of such spirits which the corporation had produced prior to August 10 but which it had deposited in a bonded warehouse pursuant to § 10 of Act No. 6 Laws of Puerto Rico, 1936, Third Special Session. The taxpayer paid under protest the difference between the tax under the old and new rates—$9,054.04—and sued for refund thereof. The case is here on appeal by the Treasurer from a summary judgment in favor of the taxpayer.

■■ Act No. 234 was approved[1] on May 12, 1942. If May 12 must be included in calculating the ninety days after its passage, Act No. 234, with its increased rate of taxation, was in effect on August 10—the date these spirits were measured—and the judgment of the district court must be reversed. On the other hand, if May 12 is excluded, the Act did not take effect until August 11, and the taxpayer must prevail.[2]

A provision similar to § 34 is found in several State constitutions and statutes. It has been generally interpreted to mean that in calculating the ninety days the date of passage is excluded. *State* v. *Mounts,* 14 S.E. 407 (W.Va. 1891); *Halbert* v. *San Saba Springs Land & Live-Stock Ass'n,* 34 S.W. 639 (Tex. 1896); *McGinn* v. *State,* 65 N.W. 46 (Neb. 1895); *Sindall* v. *Mayor, etc., of Baltimore,* 49 A. 645 (Md. 1901); *Dennis* v. *Spencer,* 47 N.W. 795 (Minn. 1891); 1

---

[1] "Passage" as used in § 34 of the Organic Act means "approval" by the Governor. *León* v. *Torruella,* 99 F.(2d) 851 (C.C.A. 1st, 1938).

[2] Although § 5 of Act No. 234 recites that it shall take effect immediately after its approval, it is conceded that two-thirds of all the members of the Legislature did not vote in favor of this Act. Consequently, under § 34 of the Organic Act, it did not take effect until ninety days after its passage.

Sutherland on Statutory Construction, 3rd ed., § 1612, pp. 279–80. Presumably Congress was aware of this established meaning of the phrase "until ninety days after its passage" when it incorporated the same in our Organic Act.

We agree with the Treasurer that § 388 of the Political Code [3] is not controlling in this case. As we pointed out in *Torres* v. *Méndez,* 44 P.R.R. 7, this is because § 388 applies only to a situation where an act provided by law is to be done, and not to this case which simply involves a mathematical calculation pursuant to the terms of § 34 of the Organic Act. In addition, if Congress definitely establishes a formula by which to calculate the effective date of insular legislation, our Legislature cannot modify such a provision. Nevertheless, § 388 is helpful in that it adopts for an analogous situation the same rule laid down in the cases governing the question involved herein.

The appellant cites no cases in point contrary to this view. He relies solely on cases holding that an Act of Congress, in the absence of a provision to the contrary, takes effect immediately upon its approval, not on the following day, *Arnold* v. *United States,* 13 U. S. 103, *Matthews* v. *Zane,* 20 U. S. 164; that such an Act is presumed to be law from the first moment of the day of its approval, *Lapeyre* v. *United States,* 84 U. S. 191, 198, unless the party asserting the contrary introduces evidence of the exact hour of approval. *Burgess* v. *Salmon,* 97 U. S. 381; *Louisville* v. *Savings Bank,* 104 U. S. 469. Based on these cases, the appellant argues that since the corporation introduced no evidence of the hours of approval of Act No. 234, the ninety days after passage are calculated from the beginning of May 12, 1942, to midnight August 9. This would mean that the Act was in effect on August 10.

---

[3] That Section reads as follows: "The time in which any act provided by Law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded."

We agree with the taxpayer that the Federal cases involve a different situation. If a Federal—or indeed, an insular— Act is passed to take effect immediately, there is no room for the contention that it takes effect the next day rather than the date of passage. The word "immediately" means what it says, and the Act goes into effect at once. The only problem in those cases is whether the Act goes into effect at the beginning of the date of approval or at the actual hour of approval. But here we are not concerned with the time of day an Act becomes effective. Our problem involves the method of calculating ninety days after passage, irrespective of the hour of the date of approval of the Act. And the cases involving our specific question are against the Treasurer.

None of our cases discusses this problem. The appellant is correct in pointing out that in *Torres* v. *Méndez,* 44 P.R.R. 7, this court, without giving the reasons for doing so, included the date of passage in calculating the ninety days provided for in § 34. On the other hand, we excluded the date of passage, likewise without giving any detailed reasons therefor, in *Sueiras* v. *Monroig,* 42 P.R.R. 724, and *Jiménez* v. *Pension Board,* 61 P.R.R. 166, 172. For the reasons given herein, the latter was the proper method of calculation.

The judgment of the district court will be affirmed.